**Romayne SAEMISCH, Appellant,**

v.

**LEY MOTOR COMPANY, Appellee.**

No. 85–1025.

Supreme Court of Iowa.

May 21, 1986.

Rehearing Denied June 17, 1986.

Scott Hartsook, Des Moines, for appellant.

R.G. Buchanan of Buchanan, McClure, Dotson, Buchanan, Bibler & Thomsen, Algona, and Mark S. Soldat, Algona, for appellee.

Considered by UHLENHOPP, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

UHLENHOPP, Justice.

This appeal involves the meaning of the words "issue to the complainant" and "after issuance by the commission" in the Iowa civil rights act. Iowa Code § 601A.16(2) and (3) (1985).

I. A person aggrieved by a discriminatory practice must first seek administrative relief by the Civil Rights Commission. After the person's complaint has been on file with the commission for at least 120 days, the general rule is that the commission must upon request issue a release allowing the person to sue in district court. Section 601A.16(2) of the Code provides in pertinent part:

Upon a request by the complainant, and after the expiration of one hundred twenty days from the timely filing of a complaint with the commission, the commission shall issue to the complainant a release stating that the complainant has a right to commence an action in the district court. . . .

Section 601A.16(3) provides in pertinent part:

> An action authorized under this section is barred unless commenced within ninety days after issuance by the commission of a release under subsection 2 of this section.

The General Assembly authorized the commission "[t]o adopt, publish, amend, and rescind regulations consistent with and necessary for the enforcement of this chapter." Iowa Code § 601A.5(10). The commission adopted the following rule among others:

> The term *"issuance"* shall mean mailing by U.S. certified mail, a document or letter indicating a decision issued by the commission. The "date of issuance" shall be the date the commission mails a document or letter indicating a decision by the commission by U.S. certified mail.

240 Iowa Admin.Code 1.1.(5). Also:

> *Letter of right to sue.* Where [specified] conditions have been met [as in this case], a right to sue letter will be issued stating that complainant has a right to commence an action in the state district court within ninety-days of the issue date of the right to sue letter.

240 Iowa Admin.Code 1.5(4)(c).

II. Appellant Romayne Saemisch filed a complaint with the commission alleging employment discrimination by defendant Ley Motor Company. More than 120 days elapsed, and Saemisch requested a release permitting him to sue in district court. On December 7, 1984, the commission entered a release and mailed it to Saemisch, in pertinent part as follows:

> This is your Administrative Release and/or Right-to-Sue Letter issued pursuant to Section 601A.16, Code of Iowa, 1981 and the Iowa Administrative Code, Section 240–1.5(4).

> .    .    .    .    .

> With [specified] conditions having been met, the Complainant has a right to commence an action in the State District Court within ninety (90) days of the issue date of this administrative release/letter of right to sue. . . .

> The issue date for this administrative release/letter of right-to-sue is December 7, 1984. . . .

The record does not show whether or not the commission mailed the letter by certified mail.

Saemisch received the letter on December 11, 1984. He commenced the instant action based on the alleged discrimination (and also a contract claim) on March 11, 1985—within ninety days from the day he received the letter but ninety-four days from the day the commission mailed the letter. The question in the appeal is whether the court action was commenced too late.

I. Section 601A.16 is somewhat ambiguous. Subsection 2 provides that the commission shall issue the release letter "to the complainant". Giving the quoted words their ordinary meaning, Iowa Code § 4.1(2), they create the impression that the release must be received by the complainant. But subsection 3 provides that court action must be commenced within ninety days after issuance of the letter "by the commission." Arguably, this means that the commission's act of adopting the release starts time running. We consider the various parts of an act together and try to harmonize them. *Sinclair Refining Co. v. Burch*, 235 Iowa 594, 596, 16 N.W.2d 359, 361 (1944).

We have said that the word "issue" can have different meanings. *Dingman v. City of Council Bluffs*, 249 Iowa 1121, 1131, 90 N.W.2d 742, 749 (1958) ("the word 'issue' and the word 'issued' have many different meanings depending on the subject matter of the writing or upon the context, or both"). The dictionary definition of issue which appears to be in closest context is "to cause to appear or become available by officially putting forth or distributing or granting or proclaiming or promulgating." Webster's Third New International Dictionary 1201 (1969). *See also* Black's Law Dictionary 745 (5th ed. 1979) ("To send forth; to emit; to promulgate;

as, an officer issues order, process issues from a court.").

Federal courts have held that the federal statute starts time running upon receipt of the letter. *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301 (8th Cir.1975); *Plunkett v. Roadway Express, Inc.*, 504 F.2d 417 (10th Cir.1974); *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir.1974). These decisions are not of much assistance, however, as the federal statute is not parallel. It provides that the agency "shall so notify the person aggrieved" and that the action shall be brought within ninety days "after the giving of the notice." 42 U.S.C. § 2000e–5(f)(1) (1982).

■ II. In the setting of the Iowa statutory language, the commission exercised its rule-making power and adopted two rules which are relevant to our problem. Although we are not bound thereby, we give deference to an agency's interpretation of its organic act. *McKee v. Second Injury Fund*, 378 N.W.2d 920, 921 (Iowa 1985). Rule 240–1.1(5) states that issuance means mailing by certified mail, and date of issuance means the date the document or letter is mailed by certified mail. Rule 240–1.5(4)(c) states that when specified conditions have been met the commission will issue a letter permitting the complainant to sue within ninety days of the issue date of the letter. Reading rules 240–1.1(5) and 240–1.5(4)(c) together, we conclude that the terms "issue" and "issue date" in the latter rule mean the date of mailing by certified mail in the former rule.

These rules appear to be a reasonable construction by the commission of the statute providing for issuing releases to sue. As time begins to run on the date of certified mailing and as a complainant has ninety days from that date to sue, due process problems do not arise. *Eves v. Iowa Employment Security Comm'n*, 211 N.W.2d 324 (Iowa 1973). We thus hold that a complainant's ninety days begin to run on the date the letter of release is mailed to the complainant by certified mail.

■ III. The problem in this case is that while the record shows the letter was mailed, it does not show how it was mailed. Although Saemisch received the letter, we cannot delete the certified mail requirement from the commission's rules. Those rules have the force of law. *Davenport Community School District v. Iowa Civil Rights Comm'n*, 277 N.W.2d 907, 909 (Iowa 1979). We believe that Ley, which interposed the time limitation defense, has the burden of proof on the issue. *Earl v. Clark*, 219 N.W.2d 487, 491 (Iowa 1974). We conclude that on the showing made, the district court should not have held for Ley on the time limitation question and should not have dismissed that count of the petition. The issue of how the letter was mailed remains open, of course, for further proceedings in the district court.

IV. In dismissing the entire petition, the district court dismissed Saemisch's count on contract. Ley confessed error in this part of the appeal.

We return the case to district court for further proceedings.

REVERSED AND REMANDED.