**PURETHANE, INC., Appellee,**

v.

**IOWA STATE BOARD OF TAX REVIEW, Appellant.**

No. 91–1654.

Supreme Court of Iowa.

April 21, 1993.

Bonnie J. Campbell, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Lucille M. Hardy, Asst. Atty. Gen., for appellant.

Gary A. Robinson and Ronald L. Mountsier of Smith, Schneider, Stiles, Mumford, Schrage, Zurek, Wimer & Hudson, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

SNELL, Justice.

Appellant, Iowa State Board of Tax Review, challenges a district court ruling that reinstated an untimely protest that had been dismissed by the board. The court found that appellee Purethane, Inc. had established the failure to timely file the protest was excusable for "good cause," a ground to reinstate the protest under Iowa Department of Revenue and Finance guidelines. Also raised on appeal is Purethane's failure to file its petition for judicial review in district court within the thirty-day appeal period, based on the board's delayed notification of its final decision to Purethane. We find that the board's delayed notification to Purethane of its decision provides a basis for district court jurisdiction, but reverse the district court on the good cause determination.

I. *Background facts and proceedings.*

On July 21, 1988, the Iowa Department of Revenue and Finance notified Purethane, Inc. of the results of a department field audit. The audit concluded that Purethane owed Iowa sales and use taxes totaling over $30,000, including penalty and interest, for July 1982 through December 1987. This notice of tax due stated that it was not a "Notice of Assessment" for which a protest could be filed within the applicable limitation period. The notice specified that if the amount remained unpaid for twenty days, a formal notice of assessment would follow. The tax was not paid within the twenty-day period, and a "Notice of Assessment for Sales/Use Tax" was sent to Purethane on August 18, 1988.

The notice stated on its face, "This assessment will become irrevocable unless you appeal to the Director of Revenue and Finance within the statutory appeal period (see reverse)." The reverse side of the notice advised Purethane that the appeal period for filing a protest from a sales and

use tax assessment was thirty days from the date of the assessment notice, pursuant to Iowa Code section 422.54 (1987).

Purethane intended to file a protest of the assessment. Tom Goedken, controller for Purethane, immediately sent a fax copy of the front page of the notice of assessment to Purethane's attorney but did not send a copy of the reverse side. Without the benefit of the notice's reverse side, Purethane's attorney erroneously determined the appeal period to be sixty days, the appeal period for corporate income tax assessment in Iowa Code section 422.28. The attorney placed the sixty-day limitation on the firm's "tickler" system and set the due date at October 17, 1988, rather than the correct date, September 19.

Purethane's attorney drafted a protest, which he sent to Goedken for review. The attorney also requested a complete copy of the notice of assessment to be attached as an exhibit to the protest. When Goedken sent the protest and copies of the notice back to the attorney, the attorney realized his error. The protest was filed that day, September 26, 1988.

The department dismissed the protest as untimely. Purethane applied for reinstatement of the protest, arguing it failed to timely protest for "good cause" under department regulations. The application was denied by an administrative law judge in the Iowa Department of Inspections and Appeals. These findings were adopted as the department's final decision.

Purethane appealed to the Iowa State Board of Tax Review. Following a hearing, the board determined that Purethane had failed to establish good cause for its failure to timely protest and upheld the dismissal of its protest.

The board's decision was dated November 28, 1990. However, the board did not mail its decision to Purethane until December 11, 1990, by certified mail. Purethane thereafter appealed the board's decision to district court, pursuant to Iowa Code section 17A.19. Purethane filed its petition on January 10, 1991, outside the thirty-day limitation period from the date the board decision was dated, but within thirty days of its December 11 notice. We ordered the parties to address whether the district court had jurisdiction to entertain the petition.

The district court heard the appeal and found that Purethane had established good cause under our case law. The board appeals.

II. *District court jurisdiction for judicial review.*

The Iowa Administrative Procedure Act, chapter 17A, provides that a party in an administrative contested case who does not file an application for rehearing must file a petition for judicial review of final agency action "within thirty days after the issuance of the agency's final decision." Iowa Code § 17A.19(3). For judicial review of agency action other than a decision in a contested case, the petition "may be filed at any time petitioner is aggrieved or adversely affected by that action." *Id.* If the board's decision regarding reinstatement of the protest of assessment is "other agency action," there is no express statutory time limitation for filing a petition. If, on the other hand, the board's decision to deny reinstatement is a final decision in a contested case, Purethane would have thirty days from issuance of the decision to petition for judicial review. While we hold that this controversy is a contested case, the board's argument that Purethane failed to petition for judicial review within thirty days of issuance of the board's decision must fail.

A "contested case" is defined as a proceeding in which "the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing." Iowa Code § 17A.2(2); 701 I.A.C. § 7.1(17A). This evidentiary hearing is " 'an oral proceeding whose purpose is to determine disputed facts of particular applicability known as adjudicative facts—the who, what, when, where, and why of particular individuals in specified circumstances.' " *Allegre v. Iowa State Bd. of Regents,* 349 N.W.2d 112, 114 (Iowa 1984) (quoting Bonfield, *The Definition of Formal Agency Adjudication Under the Iowa*

*Administrative Procedure Act,* 63 Iowa L.Rev. 285, 294 (1977)). If a hearing is not required, or the hearing required is not an evidentiary hearing, the adjudication will be categorized as "other agency action." *Id.; Polk County v. Iowa State Appeal Bd.,* 330 N.W.2d 267, 277 (Iowa 1983).

▪ Our legislature has delegated to the director of the department of revenue and finance the power to establish rules necessary to carry out the agency's duties, including rules for practice and procedure before the department. Iowa Code § 421.-14. 701 Iowa Administrative Code section 7.11(2) outlines the department's rules for petition for reinstatement of a dismissed protest. This section provides:

> The review unit shall review the application [which sets forth the facts upon which the protester seeks reinstatement] and notify the protester whether the application is granted or denied. If the review unit denies the application to reinstate the protest, the protester has thirty days from the date the application for reinstatement was denied in which to request, in writing, a *formal hearing* before the administrative law judge on the dismissal. When a written request is received, the issue *of the contested case proceeding* shall be limited to the question of whether the protest shall be dismissed or not. Thereafter, the rules of the department pertaining to *contested case proceedings shall apply in all dismissal proceedings.*

701 I.A.C. 7.11(2) (emphasis added). According to department of revenue and finance rules, a controversy regarding a dismissal of a protest of assessment is a "contested case" and a formal evidentiary hearing is provided. As a party to a contested case, Purethane is entitled to the procedural due process rights afforded in sections 17A.10–.17 and .19. *Polk County,* 330 N.W.2d at 276 ("[t]he importance of the distinction [between a contested case and other agency action] lies in the procedural due process which attaches to contested cases."); *see also Citizens' Aide/Ombudsman v. Rolfes,* 454 N.W.2d 815, 818 (Iowa 1990) (court holds agency investigation was not a contested case which entitled the individual investigated the procedural due

process rights associated with formal agency adjudication); *Farmers State Bank, Kanawha v. Bernau,* 433 N.W.2d 734, 739 (Iowa 1988).

While Purethane is held to the thirty-day appeal limitation found in section 17A.19(3), we make note of the heightened procedural due process to which parties in contested case proceedings are entitled to determine whether Purethane filed its petition within thirty days after "issuance" of the agency's final decision.

The Iowa State Board of Tax Review does not have any agency rules regarding the form or timing of notice to a party of a board's decision in an appeal from the department of revenue and finance. The board has no rules for entering or filing final decisions. In the absence of rules, we scrutinize the board's notice procedure to determine whether it provided Purethane with adequate notice.

▪ Iowa Code section 17A.16 provides minimal guidelines which administrative agencies must follow regarding a final decision or order in a contested case. This section requires that "[p]arties shall be promptly notified of each proposed or final decision or order by the delivery to them of a copy of such decision or order in the manner provided by section 17A.12, subsection 1." That subsection states, "In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice in writing delivered either by personal service as in civil actions or by certified mail return receipt requested." We find that the board's notice was not "prompt" nor "reasonable" as required by these sections.

The chairman of the board of tax review signed the findings of fact, conclusions of law, and order on the Purethane protest on November 28, 1990. The order was mailed certified to Purethane's attorney on December 11, 1990, thirteen days later. Only seventeen of the thirty days remained for Purethane's attorney to petition for judicial review. The board cannot hold its order for nearly half of the statutory appeal period and claim that its notice was either prompt or reasonable.

In the absence of a file or entry system by which the public and parties to a controversy before the board of tax review can learn of the board's decision, due process requires the statutory appeal period begins to run when the board decision is officially made available as a public record.

In *McCubbin Seed Farm Tours, Inc. v. Tri–Mor Sales, Inc.*, 257 N.W.2d 55 (Iowa 1977), this court determined the date which controls the beginning of the statutory appeal period for an appeal from district court action. A summary judgment order bore the date November 18, 1975. The date the trial court signed the document was unknown. The judgment was filed on November 25, 1975. On December 19 the appellant filed notice of appeal. The appellee argued that the appellant did not timely perfect its appeal, because the appellant filed its notice thirty-one days after the date on the judgment. The appellant argued that it had timely appealed twenty-four days from the date the judgment was filed. We held that the controlling date for appeal purposes was the date the judgment was entered, citing Iowa Rules of Civil Procedure 120 and 227. *Id.* at 57. Implicit in these rules are that, on the date of entry of judgment, the decision is entered on the record. Entry gives public notice, and particularly notice to the parties involved, of the action taken by the court. In the present case, the board's order was signed on November 28, 1990, but this date does not represent the date the order became available to the public or the parties.

In *Saemisch v. Ley Motor Co.*, 387 N.W.2d 357 (Iowa 1986), we considered the meaning of the words "issue to the complainant" and "after issuance by the commission" of a release-to-sue letter under the Iowa Civil Rights Act. Iowa Code § 601A.16(2) and (3) (1985). Iowa Code section 17A.19(3) (1987) provides a petition for judicial review must be filed within thirty days after "issuance of the agency's final decision." In *Saemisch*, an action under the Civil Rights Act must be initiated "within ninety days after issuance by the commission of a release [giving the complainant the right to commence an action in district court]." *Id.* at 357–58.

The complainant in *Saemisch* commenced his action under the Civil Rights Act within ninety days from the date he received his right-to-sue letter, but ninety-four days from the date the commission mailed the letter. We held that the complainant's ninety days began to run on the date the letter was mailed to the complainant by certified mail.

We considered the dictionary definition of "issue," which is "to cause to appear or become available by officially putting forth or distributing or granting or proclaiming or promulgating." Webster's Third New International Dictionary 1201 (1969). We also noted this legal definition, "to send forth; to emit; to promulgate; as, an officer issues order, process issues from a court." Black's Law Dictionary 745 (5th ed. 1979).

Based on our decision in *McCubbin* and *Saemisch*, the correct date which the board's order "issued" for purposes of determining the statutory appeal period is the date in which the order is put forth to the public and parties. Absent board rules which make decisions public by filing and entry, this date means the date the order is mailed by certified mail. Beginning the appeal period on the date of certified mailing does not violate due process. *Saemisch*, 387 N.W.2d at 359; *cf. Eves v. Iowa Employment Sec. Comm'n*, 211 N.W.2d 324 (Iowa 1973).

Purethane filed its petition for judicial review of the board's decision within thirty days of the December 11, 1990, certified mailing date. We find the district court had jurisdiction to hear Purethane's appeal.

II. *Good cause.*

■ Our scope of review of agency action is well defined. Like the district court, we sit only to correct errors of law. In doing so, we apply the standards of Iowa Code section 17A.19(8). *McFee v. Iowa Dep't of Transp.*, 400 N.W.2d 578, 580 (Iowa 1987).

The department of revenue and finance, in its rules prescribing procedure for protest of an assessment, provides that a protest which is dismissed for failure to timely

file may be reinstated if "good cause" is shown. 701 I.A.C. § 7.11(2). The department, the board, and the district court on review have applied the good cause standard as enunciated by this court in applying Iowa Rule of Civil Procedure 236 for setting aside a default judgment.

 In passing on the merits of good cause, the decision maker has wide discretion in its determination and its ruling will not be disturbed on review absent an abuse of discretion. *Whitehorn v. Lovik*, 398 N.W.2d 851, 853 (Iowa 1987); *Paige v. Chariton*, 252 N.W.2d 433, 437 (Iowa 1977). Rule 236 allows setting aside a default judgment for good cause shown based on "mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." We have said, " 'good cause' for setting aside a default judgment is a sound, effective, truthful reason, something more than an excuse, a plea, an apology, an extenuation or some justification for the resulting effect." *Id.* Failure must not be the result of negligence, want of ordinary care or attention, or due to carelessness or inattention. *Id.*

The failure of Purethane's attorney to correctly identify the appeal period for the protest of a sales and use tax assessment is not a sound reason that rises to good cause shown. While Goedken might have avoided this situation by forwarding the complete notice of assessment to Purethane's attorney, his failure to do so does not excuse the attorney's error in research. Good cause does not include "mistakes or errors of judgment growing out of ... misunderstanding of the law or the failure of the parties or counsel through mistake to avail themselves of remedies, which if resorted to would have prevented the casualty or misfortune." *Claeys v. Moldenschardt*, 260 Iowa 36, 43, 148 N.W.2d 479, 483 (Iowa 1967). Defaults which result from the negligence or carelessness of the defendant or defendant's attorney will not be set aside, for the law rewards the diligent and not the careless. *Id.; Barto v. Sioux City Elec. Co.*, 119 Iowa 179, 183, 93 N.W. 268, 270 (1903). *See also Madsen v. Litton Indus.*, 498 N.W.2d 715 (Iowa 1993) also filed this date. The attorney's failure to identify the cor-

rect statutory time period for filing the protest is not good cause to reinstate the protest. The judgment of the district court is reversed and the case is remanded for entry of judgment affirming the decision of the tax board of review.

**REVERSED AND REMANDED.**