MANSFIELD, Justice
(dissenting).
I respectfully, dissent from the court’s holding that this appeal is untimely. Iowa Rule of Appellate. Procedure 6.101(1)(6) provides that a notice of appeal “must be filed within 30 days, after the filing of the final order or judgment,” I would count the thirty days from the date when the district court clerk actually filed and served the order. I agree that the probable intent behind the interim Electronic Document Management System- (EDMS) rules was to establish a “nunc pro tunc” regime under which items are submitted electronically, are subsequently reviewed and approved by the district court clerk, and then are retroactively deemed filed as of the time when they previously were submitted electronically by the judge or litigant. However,’ in light of some internal inconsistency in those EDMS rules, as well as doubts about their legal status and consistency with the Iowa Code, I would hold this appeal was properly taken.
Iowa Code section 602.8102(9) (2013) provides,
A pleading of any description is considered filed when the clerk entered the date the pleading was received on the pleading and the pleading shall not be taken from the clerk’s office until the memorandum is made. The memorandum shall be made within two -business days of a new petition or order being filed, and as soon as practicable for all other pleadings.
I agree with Concerned Citizens that this provision is fairly clear: An order is deemed filed when the clerk does a particular act — namely, enters the date of receipt. What matters is not the date on the stamp, but when the clerk does the act of stamping. By this reading, the district judge’s order was not filed until July 15, 2014 — the date the clerk actually approved it for filing.
I do not believe an interim EDMS rule, promulgated by this court but not submitted to or approved by the legislative council, can alter this result. In Root v. Toney, we recently addressed a conflict between Iowa Code section 4.1(34) and a supervisory order of this court. 841 N.W.2d 83, 87-90 (Iowa 2013). We held that our supervisory order could not supersede section 4.1(34) and, therefore, the appellant had an additional day to file his appeal. See id. at 89-90. The same principle applies here. The language of the statute must prevail over any conflicting interim EDMS rule.
*406 It is true that only certain enumerated categories of rules have to be submitted to the legislative council. See Iowa Code §§ 602,4201(3), .4202(1) — (2). These include all “[r]ules of civil procedure” and several rules of appellate procedure, including those relating to the time for filing a notice of appeal. Id. § 602.4201(3)(a), (d). One could argue that a rose by any other name is still a rose, and an EDMS rule that purports to affect appellate deadlines is covered by Iowa Code section 602.4202 and must be submitted to the legislative council. That did not happen here. Regardless, a rule that has' not been submitted to the legislature lacks the force of a statute like Iowa Code section 4.1(34) in the event of a conflict between the two. See Root, 841 N.W.2d at 90.
And this assumes that the interim EDMS rules are clear! In my view, they are not. Part of the problem appears to be the use of the term “filing” in the interim rules to mean two different things — (1) uploading a document into the EDMS system, and (2) the clerk’s processing and approval of a document previously uploaded into the system. Rule 16,307(2) follows the latter interpretation of the term-“filing”:
The electronic transmission of a document to the electronic document management system consistent with the procedures specified in these rules, together with the production and transmission, of a notice of electronic filing constitutes filing of the document.
Interim Iowa Ct. R. 16.307(2), http://www. iowacourts.gov (“eFiling” tab; then .“overview”; then “Chapter 16, Iowa- Court Rules”) (last visited Dec. 4, 2016). Under rule 16.307(2), no filing occurs until the clerk approves the submission and. issues a notice of filing. By this standard, July 15 is the relevant date and Concerned Citizens’ appeal is timely.
On the other hand, rule 16.311(1) uses “filing” in the other sense:
When a document is filed using the electronic document management system, the system will generate a notice of electronic filing. The notice of electronic filing will record the date and time of the filing of the document in local time . for the State of Iowa. This will be the official filing date and time of the document regardless of when the filer actual- . ly transmitted the document.
Id. r. 16.311(2). Under rule 16.311(1), filing occurs when the electronic submission takes place. By this standard, July 11 is the relevant date, and Concerned iCitizens’ appeal is untimely.
To make things more complicated, rule 16.308 utilizes both meanings of the term “filing”:
-Each electronically filed document shall receive an electronic file, stamp consistent with the notice of electronic filing. The file stamp shall merge with the . electronic document and be visible when , the document is printed and viewed .online. Electronic.documents are not officially filed without the electronic filing stamp.
Id. r. 16.308. The phrases “electronically filed document” and “officially filed” refer to documents that have received clerk approval. Net, the “notice of electronic filing” refers to the act of submitting’ a document to the EDMS system.
Given these ambiguities in 'the EDMS rules, and’ the fact that Iowa Code section 602.8102(9) must control in any event, I would find the appeal timely. My interpretation of “filing” is consistent with the eommonsense notion that something is not “filed” when it is in limbo and has the potential'to be rejected for filing. It is also, I believe, consistent with our precedent that a court order is not filed on the date the judge signs it but the date when it is entered by the clerk. See McCubbin *407 Seed Farm, Inc. v. Tri-Mor Sales, Inc., 257 N.W.2d 55, 57 (Iowa 1977) (“The controlling date, for appeal ^purposes, is not the date the judgment .bears or the date the trial court signed it, but rather the subsequent, date .the judgment was entered.”). Further, it is consistent with the principle that we “normally strive to resolve. disputes on their merits.” Christiansen v. Iowa Bd. of Educ. Exam’rs, 831 N.W.2d 179, 190-91 (Iowa 2013) (quoting MC Holdings, L.L.C. v. Davis Cty. Bd. of Review, 830 N.W.2d 325, 328 (Iowa 2013)) (resolving an ambiguity in Iowa Code section 17A.19 in favor of the conclusion that a petition for judicial ’review was timely filed).
The court believes petitioners’ (and my) interpretation is impractical, but the court’s interpretation is not without its own practical difficulties. In the pre-elec-tronic paper world, a glitch could arise if the clerk failed to serve the order on counsel after filing it. This could adversely affect a litigant’s time to respond to the order. But the rules at least required the clerk to serve the order “promptly.” See Iowa R. Civ. P. 1.453. And in any event, the order once filed was a matter of public record: An interested litigant could check at the clerk’s office to see if the judge had issued her or his ruling yet.
Now consider what happens today if the clerk fails to process an electronic submission, as occurred here for the brief period between July 11 and July 15. To begin with, nothing in the interim EDMS rules requires such submissions to be 'processed “promptly” or by any' specific deadline. And until the order has been processed, it is a secret nullity — even a proactive litigant cannot find out about it. Therefore, while the delay (and the resulting .loss of appeal time) was only a- few days here, the majority’s interpretation of the EDMS rules offers litigants no protection against delays that could seriously prejudice them. As we have said before in the context of an administrative appeal,
In the absence of a file or entry system by which the public and parties to a controversy before the board of tax review can learn of the board’s decision, due process requires the.,statutory appeal period begins to run when the board decision is officially made available as a public record.
Purethane, Inc. v. Iowa State Bd. of Tax Review, 498 N.W.2d 706, 709-10 (Iowa 1993) (finding that an appeal from a determination of the Iowa State Board of Tax Review filed more than thirty days after the Board’s decision was timely where the taxpayer did not.receive notice of the .decision until thirteen days after the-order was signed.and no file or entry system existed by which the taxpayer could have learned of the board’s decision at an earlier date).
My colleagues ■ respond that if it takes the clerk a day or two to process a judge’s EDMS submission, this is no different from the day or two it used to take a copy of an order to reach a litigant in the mail. Our ■ precedents indicate, however, that there is a difference betweén a copy of an already-public document being in transit in the mail and a not-yet-public document floating in limbo. See id.
Additionally, while our clerks of'court and their deputies work hard, they do not generally work’ on weekends and holidays. Thus, if a judicial officer uploads a document oh a weekend or holiday, and we follow the court’s interpretation of .the interim EDMS rules, the parties’ deadlines are automatically shortened. As a matter of course, such litigants would have always less than the thirty days to appeal allowed in Iowa [1] Rule of Appellate Procedure 6.101.(1)(6). That appellate rule is subject to the rulemaking requirements of section 602.4202, which means the thirty-day period it allows for appeal cannot be shortened without submission of the proposed rule *408 change to the legislative council. See Root, 841 N.W.2d at 90.
As noted, the interim EDMS rules were never submitted to the legislative council for approval. We should interpret ambiguous rules to avoid conflicts with other rules or statutes. See In re Marshall, 805 N.W.2d 145, 159 (Iowa 2011) (harmonizing statutes to avoid conflict). The majority’s interpretation is presumptively invalid given the resulting conflict with our appellate rule 6.101(1)(6) and given the failure to submit the rule change to the legislative council.
Our EDMS system was designed so that filing became a multiphase process that could potentially take days or even longer — consisting of uploading of the document, followed by clerk review and approval of the document, followed by publication and electronic service of the document. To my understanding the federal court EDMS' does not work this way: Electronic service there occurs upon uploading, of the document, resulting in only one possible filing date.[1] Perhaps petitioners’ counsel in this case were influenced by prior federal experience, leading them to docket the appeal deadline based upon the date when they received electronic notification of the court’s order.
In any event, what has happened here is not an isolated occurrence. Several appellate attorneys have recently found the timeliness of their appeals to this court questioned when they took their appeal within thirty days of the date the clerk approved and electronically served the order — but not within thirty days of the date the judge uploaded it. This should tell us something.- I would hesitate to jump to the conclusion that these attorneys erred. Maybe clarification is needed in our rules.
Having said all this, I would nonetheless affirm the district court’s ruling on the merits. The present case is not a close one for me. The underlying dispute involves the voluntary annexation by Pleasant Hill of four adjoining parcels of land in unincorporated Polk County. All four landowners requested annexation. Although Altoona was also' within two miles of the annexed land, it consented to the annexation. The county also supported it. On the record before it, the City Development Board’s decision to approve this voluntary annexation by Pleasant Hill was neither arbitrary, unreasonable, nor without substantial supporting evidence. See Iowa Code § 368.22(2).
For the foregoing reasons, I respectfully dissent.
WATERMAN, J., joins this dissent.

. According to the Electronic Case Filing Procedures Manual for the United States District Courts for the Northern and Southern Districts of Iowa: “The electronic transmission of a document to the Electronic Case Filing (“ECF”) system ... together with the production and transmission of a Notice of Electron- ■ ic Filing ("NEF”) by the ECF system, constitutes filing of the document and service of the document....” N.D. & S.D. Iowa ECF Procedures Manual pt. VII. "The Clerk and the court will electronically file all court-generated documents-"Id. pt. X. ...
When a document is filed electronically,, it will be served electronically through the ECF system on all persons who have appeared in the case....
When a document in a case is filed electronically, the ECF system will generate an NEF, which will be sent via e-mail ... to the other persons who have appeared in the case.... Electronic service of a document is complete when an NEF for the document is produced ‘ and transmitted by the ECF system.
Id. pt. XI. "The NEF generated by the ECF system.will be the official filing date and time of the document-" íd. pt. XV.