# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-3655WA

———————

Charles Henry Johnson,             \*

                               \*

          Appellant,          \*   On Appeal from the United States

                               \*   District Court for the

    v.                            \*   Western District of Arkansas.

                               \*

William H. Henderson, Postmaster   \*   [To Be Published]

General, United States Postal Service,   \*

                               \*

          Appellee.           \*

———————

Submitted: November 29, 2000

Filed:   December 8, 2000

———————

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

———————

PER CURIAM.

Charles Johnson appeals the District Court's[1] adverse grant of summary judgment in his Age Discrimination in Employment Act and Title VII lawsuit in which he alleged that the United States Postal Service (USPS) did not hire him on account of

———————

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

age and race discrimination. The Court granted Defendant's motion for summary judgment because Johnson had failed to exhaust his administrative remedies: he initially submitted his Equal Employment Opportunity Complaint of Discrimination in the Postal Service to the wrong office, then submitted it to the correct office after the applicable time limit had run.

We agree with the District Court that the time for filing the complaint began when Johnson received the complaint form and the filing instructions, not when he retained counsel and furnished the materials to him. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92 (1990) (time for filing Title VII suit runs from claimant's or claimant's attorney's receipt of Equal Employment Opportunity Commission letter, whichever comes first). We also agree with the Court that the materials unambiguously informed Plaintiff of the correct office with which to file the complaint and of the deadline for filing, and that the erroneous filing was his or his attorney's--not USPS's--fault, so that equitable tolling does not apply. See id. (no equitable tolling where late filing is result of attorney's ordinary neglect); Shempert v. Harwick Chem. Corp., 151 F.3d 793, 798 (8th Cir. 1998) (no equitable tolling where language of EEOC letter was not misleading and plaintiff had benefit of counsel), cert. denied, 525 U.S. 1139 (1999); Harris v. Administrator, Veterans Admin., 924 F.2d 148, 149-150 (8th Cir. 1991) (plaintiff initially filed administrative appeal with wrong agency, which returned it to him, and he then filed it late with correct agency; it was thus properly dismissed, and equity did not require tolling).

Finally, we decline to consider Plaintiff's argument, raised for the first time on appeal, regarding the Uniformed Services Employment and Reemployment Rights Act of 1994. See Tarsney v. O'Keefe, 225 F.3d 929, 939 (8th Cir. 2000) (this Court generally will not consider argument raised for first time on appeal).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.