**Judy LUCHT, Plaintiff,**

v.

**ENCOMPASS CORPORATION and Iowa Foundation for Medical Care a/k/a IFMC/Encompass, Defendants.**

**No. 4:06–CV–00562–JEG.**

United States District Court, S.D. Iowa, Central Division.

June 18, 2007.

Patricia K. Wengert, Des Moines, IA, for Plaintiff.

Frank B. Harty, Debra Lynne Hulett, Nyemaster Goode West Hansell & O'Brien, PC, Des Moines, IA, for Defendants.

## ORDER ON MOTION TO DISMISS

GRITZNER, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss (Clerk's No. 10). Plaintiff Judy Lucht (Lucht) is represented by Patricia Wengert. Defendants Encompass Corporation and Iowa Foundation for Medical Care (IFMC) are represented by Frank Harty and Debra Hulett. The matter came on for hearing January 18, 2007, and is fully submitted for ruling.

## SUMMARY OF MATERIAL FACTS

Lucht filed a Petition in the Iowa District Court for Polk County on November 1, 2006, alleging that Defendants, her former employers, discriminated against her on the basis of age and disability in violation of state and federal law. She also alleges claims for wrongful termination, "wage and hour violations," breach of contract, and negligent and intentional infliction of emotional distress. The actions complained of arose from periods in 2005 when Lucht took leaves of absence for medical reasons. She claims Defendants failed to accommodate her return to work.

Defendants removed the case to this Court on November 20, 2006, and filed a pre-answer motion to dismiss on December 12, 2006. Plaintiff filed what was identified as a resistance to the motion, which did not deny any of the essential allegations of the motion to dismiss, while raising various collateral issues. The organization of the Petition makes Lucht's claims difficult to characterize, but the pending motion pertains only to the state and federal age and disability discrimination claims and the wrongful discharge claim.

The District Court's jurisdiction is premised upon the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq.[1] The wrongful termination claim and state disability discrimination claim are properly considered under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

The Petition filed in the Iowa District Court, and a part of this Court's record in the removal documents, commenced this action on November 1, 2006. Paragraph 6 of that Petition recites, "Lucht was issued a Right to Sue Letter by the EEOC and the ICRC dated July 28, 2006." Thus, despite the allegation in paragraph 7 of the Petition that "[t]his Petition is filed with this court within (90) days as the Rules provide," the Petition is untimely on its face. Attached to the Petition is only the Right to Sue Letter from the Iowa Commission, which does bear the date of July 28, 2006.

The Dismissal and Notice of Rights document from the EEOC, attached to the Motion to Dismiss as Exhibit B, is dated May 2, 2006, and is addressed to the Plaintiff at 2305 Park Lane, West Des Moines, Iowa. At the hearing, Plaintiff presented the Court with Exhibit 1, which also indicates it is a Dismissal and Notice of Rights from the EEOC, though replete with peculiarity, and which is addressed to Plaintiff at 2305 Park Lane, West Des Moines, Iowa. It is conceded this is the correct address for Plaintiff, and there is no dispute that Plaintiff received Exhibit 1 at

---

1. The Petition also includes a Count captioned "Discrimination and FMLA Violations," which appears to allege a retaliation claim under the Family and Medical Leave Act. *See* 29 U.S.C. §§ 2615, 2617. Another Count captioned "Wage and Hour Violations" cites the Fair Labor Standards Act, 29 U.S.C. § 216, and specifically the Equal Pay Act, 29 U.S.C. § 206(d). Generously reading the Petition, these claims may provide additional bases for federal question jurisdiction.

some point in time. While counsel for Plaintiff concedes she at some point was provided with Exhibit 1, there is no record of when Plaintiff brought Exhibit 1 to counsel's attention. There is also no record of when Plaintiff actually would have received the May 2, 2006, Dismissal and Notice of Rights from the EEOC.

## APPLICABLE LAW AND DISCUSSION

### I. MOTION TO DISMISS STANDARD[2]

This is a pre-answer motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

■ Recently, the Supreme Court revisited the standards applicable to motions to dismiss under Rule 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Court "address[ed] the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct." *Bell Atlantic*, 127 S.Ct. 1955, 1963 (2007).[3] The Court maintained the requirement that the reviewing

---

**2.** If the Court considers matters outside the pleadings in ruling on a motion to dismiss under Rule 12(b)(6), "the motion shall be treated as one for summary judgment." Fed. R.Civ.P. 12(b). The Court has been presented in the present case with administrative releases from the ICRC and the EEOC. Lucht attached the ICRC release to her Petition, which references both documents, though inaccurately. In addition, copies of the releases mailed to Lucht were admitted at the hearing.

Lucht did not ask the Court to treat the pending motion as one for summary judgment. Defendants state that such action is not required because the attendant documents are "necessarily embraced by the complaint." *Enervations, Inc. v. Minn. Mining and Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) ("Though 'matters outside the pleading' may not be considered in deciding a Rule 12 motion to dismiss, documents 'necessarily embraced by the complaint' are not matters outside the pleading."). The Court agrees and finds that examination of the EEOC and ICRC administrative releases does not require conversion of the pending motion into one for summary judgment. *See Quinn v. Ocwen Fed. Bank*, 470 F.3d 1240, 1244 (8th Cir.2006) (" 'a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint' "); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir.2002) (same); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999) (when considering a motion under Rule 12(b)(6), court may consider materials that are public records, do not contradict the complaint, or are "necessarily embraced by the pleadings"); *Silver v. H & R Block, Inc.*, 105 F.3d 394, 397 (8th Cir.1997) (statements selectively quoted in pleading may be submitted in full without converting motion to dismiss into summary judgment motion when plaintiff's "entire lawsuit is based only on the statements, and he does not dispute their content") (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) ("When deciding a motion to dismiss, a court may consider the complaint and 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.' ")). The Court concludes this analysis also applies to Plaintiff's Exhibit 1, as it purports to also be a publicly generated record, though it would seem inadvertent.

**3.** The plaintiffs in *Bell Atlantic* alleged that Incumbent Local Exchange Carriers (ILECs) engaged in a conspiracy to increase charges for local telephone and high-speed Internet services though certain "parallel conduct" designed to retard growth of competitive local exchange carriers (CLECs) and through agreements not to compete against each other. *Bell Atlantic*, 127 S.Ct. at 1962–63. The Court had to determine whether plaintiffs had adequately pleaded a violation of section 1 of the Sherman Act (codified as amended at 15 U.S.C. § 1 (2006)), through allegations of "conscious parallelism" by the in the absence of additional facts tending to exclude independent self-interested conduct. *Id.* at 1964. In

court must view all allegations in the complaint as true, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.* at 1965 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke*, 490 U.S. at 327, 109 S.Ct. 1827 ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). The Court's major change, however, came in departing from certain oft-quoted language from *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In *Conley*, Justice Black wrote of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. The Court explained the history of the language, with some courts reading it "in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings" and others eschewing a literal construction "of the *Conley* passage as a pleading standard." *Bell Atlantic*, 127 S.Ct. at 1968–69. The latter interpretation was correct, the Court concluded, as the former interpretation would permit "a wholly conclusory statement of claim [to] survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 1968.

The *Conley* language "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.... *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* at 1969 (internal citations omitted).

Accordingly, the Court now turns to the pending motion, taking all facts alleged in the complaint as true, and considering whether, under the recently-clarified standard for 12(b)(6) motions described above, Lucht's discrimination and wrongful termination claims may proceed. *See id.; Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Engineers*, 440 F.3d 1038, 1042 (8th Cir.2006).

## II. DISCRIMINATION CLAIMS

Defendants seek dismissal of Lucht's state and federal discrimination claims, al-

---

the process of holding plaintiffs' allegations were inadequate, the Court dispensed with one frequently cited standard for Rule 12(b)(6) motions.

Rule 8(a)(2) requires "a short a plain statement of the claim showing that the pleader is entitled to relief." This requirement serves to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (alteration by the *Bell Atlantic* court)). While "detailed factual allegations" are not necessary to survive a Rule 12(b)(6) motion, "a formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 1964–65. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.; see also id.* at n. 3 (noting that the Federal Rules do not require a "cumbersome" recantation of detailed facts, but stating that Rule 8(a) mandates a "showing" and not "a blanket assertion" that the plaintiff is entitled to relief in order to "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests"). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

leging she failed to bring the instant case within the required time period. The requirement that a claimant file suit within ninety days of the administrative release is common to the ADA, 42 U.S.C. § 12117 (citing 42 U.S.C. § 2000e–5), the ADEA, 29 U.S.C § 626(e), and the ICRA, Iowa Code § 216.16(3).

■ Under the ICRA, the ninety days begin to run when the administrative release is issued, that is, the date the letter is mailed. *Saemisch v. Ley Motor Co.*, 387 N.W.2d 357, 359 (Iowa 1986); *see also Westin v. Mercy Med. Servs., Inc.*, 994 F.Supp. 1050, 1058 (N.D.Iowa 1998) (ninety days began to run "the date the Iowa Civil Rights Commission mailed a closure letter and administrative release to [plaintiff] at her current address by certified mail"). The ICRC administrative release was issued July 28, 2006. Lucht filed her state court petition November 1, 2006, more than ninety days after the issue date.

■ The EEOC issued Lucht a right-to-sue letter on May 2, 2006. Other than indicating doubt about when this letter was received by Lucht, and asserting a copy of the letter was not sent to counsel, the authenticity of this administrative document is not challenged. "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123 (8th Cir.1989). *See also Johnson v. Henderson*, 234 F.3d 367, 368 (8th Cir. 2000) ("the time for filing the complaint began when Johnson received the complaint form and the filing instructions, not when he retained counsel and furnished the materials to him") (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (time for filing Title VII suit runs from claimant's or claimant's attorney's receipt of

EEOC letter, whichever comes first)); *LeClair v. Wells Fargo Bank Iowa, N.A.*, 291 F.Supp.2d 873, 877 (S.D.Iowa 2003) ("a claimant generally must file a cause of action in district court within 90 days of receiving her 'right-to-sue' letter from the EEOC").

■ Lucht did not state when she received the EEOC administrative release. Counsel admitted at hearing that the release contains the correct address but stated Lucht has no recollection of when it was received. It is presumed that "a properly mailed document is received by the addressee." *Davis v. U.S. Bancorp*, 383 F.3d 761, 766 (8th Cir.2004). The document is presumed received three days after mailing. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (citing Fed. R.Civ.P. 6(e) and finding that a notice of right-to-sue issued on January 27 was presumed to have been received January 30). Adding the three days, the Court may presume Lucht received the notice May 5, 2006. Her petition, filed November 1, 2006, is more than ninety days from the presumed date of receipt. Accordingly, both the state and federal discrimination claims must be dismissed unless Lucht can demonstrate an equitable reason for tolling the limitations period. *See, e.g., Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1327 (8th Cir.1995) ("If a plaintiff fails to file a timely charge [with the EEOC], the lawsuit is barred unless he or she can demonstrate that the limitations period is subject to equitable modification such as waiver, estoppel, or tolling").

Lucht argues that her untimely filing should be excused because the state court petition was timely filed by mail and the EEOC administrative release was an illegible draft document that did not properly advise her of her rights. Lucht further asserts that the releases were sent to

Lucht directly, not to counsel, and Lucht failed to recognize the significance of the right-to-sue letter. She also notes that in May 2006, when the EEOC right-to-sue was issued, the ICRC was still addressing her claims, therefore counsel would not expect EEOC action while the ICRC action was pending.

Lucht's contention that counsel filed the state court petition by mail in a timely manner is unavailing. The ICRA requires that an action be "commenced within ninety days after" the issuance of the administrative release. Iowa Code § 216.16(3). Under the Iowa Rules of Civil Procedure, "a civil action is commenced by filing a petition with the court." Iowa R. Civ. P. 1.301(1). The date the petition is filed determines the timeliness of the action for purposes of the applicable statute of limitations. Iowa R. Civ. P. 1.301(1). The state court petition was file-stamped November 1, 2006. Lucht's bald assertion that the "petition was filed by mail in a timely manner" is insufficient to defeat a motion to dismiss. *See Silver*, 105 F.3d at 397 ("In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences.").

█ Nor may Lucht shield herself from dismissal through her contention the administrative releases were mailed to Lucht and not to counsel. In *Hill v. John Chezik Imports*, the EEOC informed the claimant that it would send copies of correspondence to claimant and her counsel. *Hill*, 869 F.2d at 1123. The EEOC release was sent to claimant's old address and no copy was sent to counsel. *Id.* (claimant had moved and failed to advise the EEOC of her new address). Claimant filed suit 83 days after receiving actual notice, but 105 days after the release was sent to her former address. *Id.* The appellate court agreed that the district court properly dis-

missed the claim as untimely. *Id.* at 1124. The failure of the EEOC to send notice to claimant's counsel, as promised, did not mandate the application of equitable tolling where the plaintiff failed to inform the EEOC of her new address. *Id.* The circumstances in this case are even less helpful to this Plaintiff, as Lucht admitted the administrative releases bear her correct address. The failure of the EEOC or ICRC to send copies of correspondence to her counsel does not provide grounds to equitably toll the ninety-day limitations period. *See also Irwin*, 498 U.S. at 92, 111 S.Ct. 453 (time for filing Title VII suit runs from claimant's or claimant's attorney's receipt of EEOC release, whichever comes first); *Threadgill v. Moore USA, Inc.*, 269 F.3d 848, 850 (7th Cir.2001) ("If, as in the instant case, the plaintiff actually receives notice from the EEOC, the attorney's receipt is irrelevant; it simply is not required for the 90-day period to begin running.").

Finally, Lucht claims equitable tolling of the ninety-day limitations period is appropriate as to the EEOC release, because the document received by Lucht, herein identified as Exhibit 1, was riddled with typographical errors and failed to adequately apprise Lucht of her rights. Defendants claim even the form of that administrative release was largely legible and in any event was sufficient to place Lucht on inquiry notice such that she should have consulted her attorney upon receiving it. In addition, the May 2, 2006, Dismissal and Notice of Rights document is in proper form.

No additional assertions of equitable tolling are made as to the ICRA claims, so Defendants' motion to dismiss must be granted as to the state-law discrimination claims, as the claims were filed outside the ninety-day limitations period. The assertion of inadequate notice pertains only to

the EEOC administrative release, so the Court now turns to the possibility that equitable tolling may save Lucht's otherwise untimely federal discrimination claims.

■ The limitation period is not jurisdictional and may be "equitably tolled." *Hill,* 869 F.2d at 1123; *see also Shempert v. Harwick Chem. Corp.,* 151 F.3d 793, 797 (8th Cir.1998) ("Equitable tolling is premised on the 'excusable neglect' of the filing party, and preserves a claim after the filing period has expired" (internal citations omitted)). Courts usually require compelling circumstances beyond the plaintiff's control before the limitations period will be tolled. *Id.* at 1124; *see also id.* at n. 2 ("[t]he Supreme Court has held that equitable tolling is justified where the notice from the EEOC is inadequate, where motion for appointment of counsel is pending, where the court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction.") (citing *Baldwin County Welcome Ctr.,* 466 U.S. at 151, 104 S.Ct. 1723). Importantly under facts as presented here the Court must recognize "[e]quitable tolling is not an excuse to be invoked by those failing to exercise reasonable diligence." *Shempert,* 151 F.3d at 798; *see also Sweeney v. Anderson,* 129 F.2d 756, 758 (10th Cir.1942) ("The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination.").

The Eighth Circuit has found equitable tolling appropriate in circumstances where the administrative agency provides inaccurate or misleading information. In *Lawrence v. Cooper Communities, Inc.,* 132 F.3d 447, 451 (8th Cir.1998), the court found the plaintiff's claims were subject to equitable tolling where the EEOC failed to complete the formal charge and obtain the plaintiff's verification within the applicable time limit. *Id.* The EEOC was operating under the mistaken assumption that the completed charge would relate back to a day within the statute of limitations. *Id.* This assumption was conveyed to the plaintiff, and the court determined that the EEOC misled the plaintiff to reasonably believe her charge was timely. *Id.* Thus, the court held the plaintiff's "failure to file a timely charge arose from the EEOC's misconduct which is a circumstance beyond [plaintiff]'s control and constitutes excusable neglect." *Id.* at 452.

EEOC mistakes were also sufficient to equitably toll the limitations period where there was evidence the plaintiff asked to file a charge but was given an intake questionnaire instead of a charge form; the EEOC mistakenly treated the intake questionnaire as a formal charge; and where the EEOC used the wrong date to calculate the limitations period. *Schlueter v. Anheuser–Busch, Inc.,* 132 F.3d 455, 459 (8th Cir.1998). The EEOC "w[as] mistaken, and [the court] will not hold [plaintiff] responsible for the EEOC's mistake." *Id.; see also id.* at n. 4 ("when an agency misleads a complainant as to certain specific pleading requirements, a claimant's failure to adhere to those requirements may be excusable, and thus, equitable tolling may apply").

Similarly, when a state agency sent a claimant a letter advising of the state limitations period and advising that the charge would be cross-filed with the EEOC, but failing to mention that the federal charges were subject to a different limitations period, equitable tolling was appropriate. *Anderson v. Unisys Corp.,* 47 F.3d 302, 306 (8th Cir.1995); *cf. Zotos v. Lindbergh Sch. Dist.,* 121 F.3d 356 (8th Cir.1997) (where there was a change in the limitations period, but letter from EEOC advised claimant to file at earliest date to

safeguard her rights, equitable tolling was not appropriate).

■ The administrative release Lucht submitted at the hearing appears at first blush to be a standard notice. Upon closer inspection, strange words and characters are inserted. For example, the address of the Milwaukee area office is "310 West Wisconsin Ave Suite BOO." The section captioned "Notice of Suit Rights" reads in relevant part,

> Title Vii, the Americans with Disabilities Act, and for the Age Discrimination In Employment Act: This will bathe only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be Wed *WITHIN 90 DAYS* of your receipt of this Notice; or your right to sue based on this charge will be lost.

Plaintiff's Exhibit 1. This record contains no explanation of the source of Exhibit 1, the manner in which it was generated, or any intended use.

The cases where courts have found excusable neglect and equitably tolled the limitations period because of EEOC mistake primarily involve cases where the EEOC issued misstatements of the law, or operated on false assumptions that operated to a claimant's detriment. This is not a case where the EEOC claimed the law stood for one proposition when it actually stood for another. Nor is there any evidence the EEOC processed Lucht's claim on a timetable that prevented her from filing suit in the appropriate time period.

The courts permitting equitable tolling reserve the remedy for cases "where the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir.1990) (citing *Hill*, 869 F.2d

at 1124); *see also Coons v. Mineta*, 410 F.3d 1036, 1040 (8th Cir.2005) ("the remedy should be 'reserved for circumstances that are truly beyond the control of the plaintiff' "). Although ambiguous and misleading information may compel equitable tolling of the limitations period, a simple misunderstanding will not. *Miller v. Runyon*, 32 F.3d 386, (8th Cir.1994) (no equitable tolling where complainant had actual knowledge of filing deadline but misunderstood EEO counselor who told her in response to her request for extension of the deadline that a complaint postmarked on the last possible day to file would be deemed timely).

■ Although the typographical errors in the EEOC release submitted by Lucht are puzzling, and assuming without record support the document was actually generated by the EEOC, the Court finds the notice as a whole was sufficiently coherent to give Lucht some notice that the EEOC had taken action on her claim. Lucht asserted she did not understand what the notice meant; however, "ignorance of specific legal rights or failure to seek legal advice should not toll the [ ] notification period." *DeBrunner v. Midway Equip. Co.*, 803 F.2d 950, 952 (8th Cir.1986) (quoting *McClinton v. Ala. By–Products Corp.*, 743 F.2d 1483, 1486 (11th Cir.1984)).

Whether Lucht failed to take the basic step of reasonably promptly bringing Exhibit 1 to her counsel's attention, or the document was timely provided to counsel, the lawsuit was not timely commenced based upon having received that document. More significantly, other than the suggested confusion created by Exhibit 1 and the very general suggestion the Plaintiff was dealing with emotional issues during this period, the record is silent with regard to the Plaintiff's actual receipt of the May 2, 2006, notice. The Petition was untimely

on its face and inaccurately alleged both compliance with the limitations periods and the date of administrative discharge by the EEOC. This odd litigation record and lack of reasonable diligence does not support equitable tolling to relieve the Plaintiff from the requirements of the law. The Court is compelled to find the Motion to Dismiss must be granted on this issue.

## III. WRONGFUL DISCHARGE

Lucht's Petition includes a Count captioned "Discrimination and FMLA Violations" wherein she alleges she was retaliated against for inquiring about paid time off and leaves of absence. She also alleges a claim for wrongful discharge, claiming that her request for information about leave of absence policies led to her termination, and such termination is a violation of the public policy of the state of Iowa. Defendants assert Lucht's wrongful discharge claim must be dismissed, as her FMLA retaliation claim encompasses the same conduct.

Discharge in violation of public policy is one exception to the at-will employment doctrine. *Fitzgerald v. Salsbury Chem., Inc.*, 613 N.W.2d 275, 281 (Iowa 2000). The elements of a claim of wrongful discharge in violation of public policy are "(1) The existence of a clearly defined public policy that protects an activity. (2) This policy would be undermined by a discharge from employment. (3) The challenged discharge was the result of participating in the protected activity. (4) There was lack of other justification for the termination." *Lloyd v. Drake Univ.*, 686 N.W.2d 225, 228 (Iowa 2004).

Defendants argue inquiring about leave of absence policies does not implicate a clearly defined public policy, and even if it did, dismissal of the claim would not undermine the policy because Lucht has already pled an FMLA retaliation claim based on the same conduct and can there-

fore obtain relief on that basis. Our sister district has previously recognized "that the common-law action for wrongful discharge exists 'for the purpose of protecting an employee against retaliation when a statutory right is conferred but no statutory remedy is provided....' " *Muller v. Hotsy Corp.*, 917 F.Supp. 1389, 1420–21 (N.D.Iowa 1996) (quoting *Thompto v. Coborn's, Inc.*, 871 F.Supp. 1097 (N.D.Iowa 1994)); *see also id.* (citing *Borschel v. City of Perry*, 512 N.W.2d 565, 567–68 (Iowa 1994), for the proposition that "wrongful discharge action will not stand if the statute supplying the policy also provides for a remedy, but will stand where the statute does not provide a remedy"). The FMLA provides a statutory remedy for an employee whose employer interferes with her right to take family or medical leave. *See* 29 U.S.C. §§ 2615, 2617.

Additionally, several courts have held the remedies provided by section 2617 are the exclusive remedies for FMLA violations and prohibited section 1983 or state tort law claims premised on the same conduct. As the Southern District of Ohio noted, "[t]he comprehensive detailed enforcement provisions of the FMLA show an intention of Congress that the specific remedies set forth in § 2617 be the exclusive remedies available for a violation of the FMLA." *O'Hara v. Mt. Vernon Bd. of Educ.*, 16 F.Supp.2d 868, 894 (S.D.Ohio 1998); *Cisneros v. Colorado*, No. Civ. A.03CV02122, 2005 WL 1719755 at *11 (D.Colo. July 22, 2005) (finding that section 1983 claim based on violation of FMLA was prohibited due to the exclusive nature of FMLA statutory remedies). *See also Rosania v. Taco Bell of Am., Inc.*, 303 F.Supp.2d 878, 881 (N.D.Ohio 2004); *Kilvitis v. County of Luzerne*, 52 F.Supp.2d 403, 419 (M.D.Pa.1999); *Jolliffe v. Mitchell*, 971 F.Supp. 1039, 1045 (W.D.Va.1997); *cf. Knussman v. Maryland*, 16 F.Supp.2d 601, 609–10 (D.Md.1998) (finding FMLA enforcement provisions "are not so com-

prehensive as to imply exclusivity" of remedy).

The interplay between the inapplicability of state wrongful discharge claims to claims enveloped by an existing statutory scheme and the exclusive nature of the remedies provided by the FMLA is demonstrated by a line of cases out of Missouri. Missouri law, like Iowa law (as noted by the *Muller* court), provides that a claim for wrongful discharge in violation of public policy "must be based on a policy which has no remedy in any statute." *Osborn v. Prof'l Serv. Indus., Inc.,* 872 F.Supp. 679, 680 (W.D.Mo.1994). Accordingly, a claim for wrongful discharge in violation of public policy is preempted when the public policy asserted is one underlying the Fair Labor Standards Act, as the FLSA provides a comprehensive remedy. *Prewitt v. Factory Motor Parts, Inc.,* 747 F.Supp. 560, 565 (W.D.Mo.1990). The same logic precludes a wrongful termination claim where the public policy upon which the plaintiff relies is that underlying the FMLA, because "the legislative history of the FMLA reveals that Congress intended the remedial provisions of the FMLA to mirror those in the FLSA." *Frizzell v. Southwest Motor Freight,* 154 F.3d 641 (6th Cir.1998) *(citing* S.Rep. No. 103–3, at 35 (1993), *reprinted in* 1993 U.S.C.C.A.N. 3, 37 ("[The FMLA's] enforcement scheme is modeled on the enforcement scheme of the FLSA")); *O'Neill v. Major Brands, Inc.,* No. 4:06cv014, 2006 WL 1134476 at *2–3 (E.D.Mo. April 26, 2006).

At the hearing, Lucht's counsel conceded that her wrongful discharge claim and her FMLA retaliation claim have the same factual basis and indicated her intention to seek permission to amend the petition to address the problem. The Court finds the analysis in the foregoing line of cases persuasive and holds that the identical factual basis and the comprehensive remedies available under the FMLA militate on both legal bases against permitting the wrongful discharge claim to proceed. Accordingly, Defendants' motion to dismiss the wrongful termination claim is granted.

## CONCLUSION

Lucht filed her Petition more than ninety days after the issuance of administrative releases from the EEOC and the ICRC. In the absence of circumstances justifying the application of equitable tolling, Defendants' Motion to Dismiss Lucht's state and federal age and disability discrimination claims (Clerk's No. 10) must be **granted.**

Lucht has conceded that her claim for wrongful discharge in violation of public policy is premised on the same factual basis as her FMLA retaliation claim. For the reasons previously discussed, Defendants' motion to dismiss is also granted as to this claim.

**IT IS SO ORDERED.**