Lauren M. HALES, Plaintiff,

v.

CASEY'S MARKETING COMPANY, Defendant.

No. 3:15–cv–00004–JEG

United States District Court, · S.D. Iowa, Davenport Division.

Signed August 3, 2015.

James Allen Hales, Law Offices of James A. Hales, PLLC, Burlington, IA, for Plaintiff.

Andrew T. Tice, Lindsay A. Vaught, Ahlers & Cooney PC, Des Moines, IA, for Defendant.

## ORDER

JAMES E. GRITZNER, Senior Judge

This matter comes before the Court on Motion to Dismiss by Defendant Casey's Marketing Company (Casey's), ECF No. 6. Plaintiff Lauren M. Hales (Hales) resists and requested a hearing before the Court. The Court, however, finds a hearing is not necessary to resolve the matter. The Motion is fully submitted and ready for disposition.

## I. BACKGROUND

Plaintiff alleges claims of sexual harassment and retaliation against Casey's pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII), and the Iowa Civil Rights Act (ICRA), Iowa Code Chapter 216. Relevant to this Motion is the procedure and timing of filing this action.

On June 27, 2013, and February 10, 2014, Plaintiff filed charges of discrimination against Casey's with the Iowa Civil Rights Commission (ICRC), which were cross-filed with the United States Equal Employment Opportunity Commission (EEOC). On June 1, 2014, Plaintiff filed requests for administrative releases with the ICRC, requesting separate releases from both the ICRC and the EEOC. On

June 4, 2014, the ICRC issued an administrative release letter for Plaintiff's ICRA complaints. The EEOC issued right-to-sue letters on September 24 and October 13, 2014. Plaintiff contends she received the October 8 right-to-sue letter on October 13, 2014, and she did not receive the September 24 letter until June 3, 2015.

Plaintiff filed a Complaint in this court against Casey's on January 7, 2015.[1] Counts I and II allege sexual harassment and retaliation/wrongful termination in violation of Title VII. Count III alleges violations of the ICRA. On May 26, 2015, Defendant filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Count III is time-barred because it was filed outside of the statutory filing period set forth in Iowa Code section 216.16(4). Plaintiff resists.

## II. DISCUSSION

In dispute is whether Plaintiff's state law claim is time-barred by Iowa Code section 216.16(4) because it was filed in federal court more than ninety-days after the state issued its administrative release. The ICRA requires a claimant to first seek administrative relief with the ICRC before filing a complaint of discrimination in the district court. *See* Iowa Code § 216.16(1). After the complaint has been on file with the ICRC for at least sixty days, the claimant can request an administrative release to commence an action in the district court. *See id.* § 216.16(2)-(3). Iowa Code section 216.16(4) provides that an action under the ICRA "is barred unless commenced within ninety days after issuance by the commission of a release under [section 216.16(3) ]." Title VII contains a similar administrative procedure and requires the claimant to commence a federal claim in either state or federal court within nine-

ty days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1).

It is undisputed that the ICRC issued its administrative release letter relating to Plaintiff's state law charge on June 4, 2014, and Plaintiff did not commence this action until January 7, 2015. Although the Complaint was filed within ninety days of Plaintiff s receipt of the EEOC release, the action was commenced 217 days after the ICRA issued its administrative release.

Defendant argues Court III should be dismissed because Plaintiff failed to comply with Iowa Code section 216.16(4) by commencing her suit more than ninety days after the ICRA issued its administrative release. Plaintiff resists, arguing the ICRA's ninety-day filing period only applies to plaintiffs who desire to have their claims settled in the Iowa district court and does not apply to claims brought in federal court. Plaintiff further argues the state's ninety-day filing requirement should not apply because the EEOC was dilatory in issuing its administrative release, which thereby barred Plaintiff from timely filing her state claim in federal court.

In *Hohn v. BNSF Railway Co.*, 707 F.3d 995 (8th Cir.2013), the Eighth Circuit Court of Appeals addressed the application of Nebraska's statute of limitations to state civil rights actions filed in federal court. In *Hohn*, the plaintiff filed a complaint in federal district court, alleging claims under both the Americans with Disabilities Act and the Nebraska Fair Employment Practices Act (NFEPA). *Id.* at 999. The NFEPA, like the ICRA, contains a ninety-day filing requirement, stating "[t]he deadline for filing an action directly in the district court is ninety days

---

1. Plaintiff filed a First Amended Complaint on May 5, 2015, and Second Amended Complaint on June 29, 2015.

after the complainant receives notice of the last action the commission will take on the complaint or charge." *Id.* at 1000 (quoting Neb.Rev.Stat. § 48–1120.01). Similar to this case, Hohn filed his complaint in federal court within the Title VII filing period but failed to file the complaint within the state filing period. *Id.* at 1000–01. The circuit held the state statute of limitations applied to Hohn's state discrimination claims filed in federal court, and the statute was triggered from the issuance of the state administrative release, not the EEOC release. *Id.* at 1001; *see also Whitmore v. O'Connor Mgmt., Inc.,* 156 F.3d 796, 799 (8th Cir.1998) (holding a release from the EEOC did not meet the Missouri statutory requirement of obtaining a state right-to-sue letter before pleading a Missouri civil rights claim).

In line with the Eighth Circuit's application of the state statutory filing period in *Hohn,* Iowa federal district courts have consistently applied the ICRA's ninety-day filing requirement to state claims brought in federal court. *See Munson v. E. Cent. Intergovernmental Ass'n,* No. 14–CV1014–LRR, 2015 WL 3604240, at *4–6 (N.D.Iowa June 8, 2015) (finding an amended complaint relates back to the date the original complaint was filed in applying the ICRA's procedural filing requirements to a claim filed in federal court); *Givens v. Wilson Trailer Co.,* No. 13–CV–4002–DEO, 2014 WL 4908838, at *4–6 (N.D.Iowa Sept. 30, 2014) (applying the Iowa statutory ninety-day filing requirement in dismissing an ICRA claim filed in federal court); *Barrett v. Carlos O'Kelly's Inc.,* No. 13–CV–2047–LRR, 2013 WL 5503666, at *2 (N.D.Iowa Oct. 2, 2013) (ruling plaintiff's claim was barred by the ICRA because it was filed after the ninety-day statute of limitations expired); *Toppert v. Nw. Mech., Inc.,* 968 F.Supp.2d 1001, 1006–08 (S.D.Iowa 2013) (finding releases from the EEOC and a local civil rights commission did not exhaust the

plaintiff's administrative release requirements for her ICRA claims); *LeClair v. Wells Fargo Bank Iowa, N.A.,* 291 F.Supp.2d 873, 879 (S.D.Iowa 2003) (dismissing an action as untimely because plaintiff's complaint was filed after the ICRA's ninety-day period expired); *Colasante v. Wells Fargo Corp., Inc.,* 211 F.R.D. 555, 557 (S.D.Iowa 2002) (dismissing the plaintiff's state civil rights claim because the complaint was filed 103 days after the issuance of the ICRA administrative release). Accordingly, the ninety-day filing period in Iowa Code section 216.16(4) applies to Plaintiff's state law claim.

Plaintiff argues this case is different from previous cases in which federal courts have applied the ICRA's statute of limitations because Plaintiff did not have an opportunity to timely file both her state and federal claims in federal court. Plaintiff argues she was barred from filing her ICRA claim in federal court within the ninety-day period because the EEOC was dilatory in issuing its right-to-sue letter by waiting until after the ICRA filing period expired.

The fact that the EEOC did not issue Plaintiff an administrative release to file her Title VII claims until after the state filing period expired does not excuse Plaintiff from complying with Iowa Code section 216.16(4). Plaintiff argues she has the right to chose to litigate her claims in federal court; however, Plaintiff has no independent right to file her ICRA claim in federal district court as this Court lacks jurisdiction absent a pendent federal claim. The state administrative release adequately put Plaintiff on notice that she was required to file her ICRA claim within ninety days from the issuance of the release, and Plaintiff failed to comply. The EEOC's issuance of its right-to-sue letter after the state filing period expired did not take away Plaintiff's ability to timely com-

mence her ICRA claim in state court. *See Lucht v. Encompass Corp.*, 491 F.Supp.2d 856, 865 (S.D.Iowa 2007) (denying equitable tolling of the limitations period, stating there was no "evidence the EEOC processed [plaintiff]'s claim on a timetable that prevented her from filing suit in the appropriate time period."). Plaintiff could have complied with section 216.16(4) by filing her ICRA claim in state court within the ninety-day limitation, and after she received a release from the EEOC, Plaintiff could have amended her petition to add her Title VII claims.[2]

Accordingly, the Court finds Iowa Code section 216.16(4) applies to Plaintiff's ICRA claim, and the EEOC's issuance of its right-to-sue letter more than ninety days after the ICRC release does not excuse Plaintiff from complying with the state's ninety-day filing requirement. Because Count III was filed more than ninety days from the issuance of the ICRC administrative release, it must be dismissed as untimely.

## III. CONCLUSION

Defendant's Motion to Dismiss, ECF No. 6, must be **GRANTED.** Count III of the Complaint is thereby dismissed.

**IT IS SO ORDERED.**

---

2. While the Court does not endorse splitting the claim into two jurisdictions, Plaintiff also *could* have filed her ICRA claim in the state district court within the ninety-day period and subsequently filed a separate Title VII complaint in federal court.