**STATE of Iowa, Appellant,**

v.

**Jerrot Heath CLARK, Appellee.**

**No. 98–1905.**

Supreme Court of Iowa.

March 22, 2000.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellant.

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellee.

SNELL, Justice.

The State appeals a district court ruling whereby it was determined the prosecution failed to prove the offense of driving while barred, because the Department of Transportation's procedure for adjudicating habitual offenders did not comply with the Iowa Code. We reverse and remand.

## I. Background Facts and Proceedings

On October 7, 1997, defendant, Jerrot Heath Clark, was adjudicated an habitual offender by the Iowa Department of Transportation (DOT). In accordance with Iowa Code section 321.560, Clark was thereafter barred from driving for a period of two years. Defendant's adjudication was preceded by notice from the DOT in which he was informed of the pending agency action and apprised of his right to challenge the determination by requesting a hearing. Clark failed to respond, the decision of the DOT was executed and stood undisputed.

Thereafter, Clark was arrested on two subsequent occasions for driving while barred. Defendant was charged with both offenses and for possession of a controlled substance. The matters were tried on September 2, 1998, whereupon the district court held the DOT procedure for adjudicating habitual offenders did not comply with the notice requirements of Iowa Code section 321.556 (1997). The district court thus dismissed the two counts of driving while barred on the ground that the State failed to meet its burden of proof.

The State claims on appeal: (1) The DOT's procedure for adjudicating an individual an habitual offender does not conflict with the Iowa Code; (2) Any failure by the DOT to abide by the strictures of the Code did not invalidate the proceed-

ings; and (3) The district court exceeded its jurisdictional authority in refuting the propriety of the DOT procedures.

We agree with the State's latter contention, and decline to address the other issues raised.

## II. Scope of Review

■ The State challenges the authority of a district court to rule on a matter presumably beyond its jurisdiction. Questions of jurisdiction, authority, and venue of the district court are legal issues to be reviewed for correction of errors at law. *Holding v. Franklin County Zoning Bd.*, 565 N.W.2d 318, 320 (Iowa 1997); *Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 534 N.W.2d 457, 459 (Iowa 1995) [hereinafter *Bremer*].

## III. Analysis

■ At issue in this case is whether the district court overstepped its authority when it ruled the State failed to prove the offense of driving while barred. The basis of that ruling lies in the wording of Iowa Code section 321.556 wherein it is stated:

If, upon review of the record of convictions of any person, the department determines that the person appears to be a habitual offender, the department shall immediately notify the person in writing and afford the licensee an opportunity for a hearing. The notice shall direct the person named in the notice to appear for hearing and show cause why the person should not be barred from operating a motor vehicle on the highways of this state . . . .

The DOT's present means of fulfilling this statutory obligation is by sending a notice which reads: "You are ordered to surrender your driver's license to the address below unless you request a contested hearing to show cause why you should not be barred as a habitual offender." The district court believed this notification procedure shifted the burden of initiating a hearing to the defendant, and that this was

contrary to the Code. The court thus dismissed the charges against Clark in essence holding the DOT's habitual offender adjudication was void for failure to set and conduct a hearing.

The State contends the district court was without authority to review agency procedure in this matter because defendant failed to exhaust the administrative remedies for relief at his disposal, and because he did not file a petition with the court in accordance with the judicial review provisions of Iowa Code section 17A.19 (1997). We agree with the State's position.

■ In *Bremer* we remarked that when a party seeks a declaratory judgment on a matter entrusted exclusively in the first instance to an administrative agency, the court must refuse to issue a ruling unless the action is indistinguishable in substance from a petition for judicial review, and all of the jurisdictional prerequisites for judicial review of agency action have been met. *Bremer,* 534 N.W.2d at 459. "Declaratory relief is not appropriate when there is a complete remedy otherwise provided by law that is intended to be exclusive." *Id.* (quoting *City of Des Moines v. Des Moines Police Bargaining Unit Ass'n*, 360 N.W.2d 729, 730 (Iowa 1985)). Similarly, we find an exclusive remedy exists for the relief sought here.

Iowa Code section 321.556(4) provides:

. . . If the department's findings and conclusions are that the person is a habitual offender, the department shall issue an order prohibiting the person from operating a motor vehicle on the highways of this state for the period specified in section 321.560.

Section 321.560:

A license to operate a motor vehicle in this state shall not be issued to any person declared to be a habitual offender under section 321.555, subsection 1, for a period of not less than two years nor more than six years from the date of the final decision of the department un-

der section 17A.19 or the date on which the district court upholds the final decision of the department, whichever occurs later. . . .

Section 17A.19 is the judicial review provision of the Iowa Administrative Procedure Act (IAPA). A person adversely affected by agency action may seek redress thereunder. *Bremer*, 534 N.W.2d at 459. Section 17A.19 stipulates in pertinent part:

Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action. However, nothing in this chapter shall abridge or deny to any person or party who is aggrieved or adversely affected by any agency action the right to seek relief from such action in the courts.

1. A person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this chapter. . . .

2. Proceedings for judicial review shall be instituted by filing a petition either in Polk County district court or in the district court for the county in which the petitioner resides or has its principal place of business. . . .

. . . .

4. The petition for review shall name the agency as respondent and shall contain a concise statement of:

*a.* The nature of the agency action which is the subject of the petition.

*b.* The particular agency action appealed from.

*c.* The facts on which venue is based.

*d.* The grounds on which relief is sought.

*e.* The relief sought.

. . . .

8. The court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action, equitable or legal and including declaratory relief, if substantial rights of the petitioner have been prejudiced because the action is:

*a.* In violation of constitutional or statutory provisions;

*b.* In excess of the statutory authority of the agency;

*c.* In violation of any agency rule;

*d.* Made upon lawful procedure;

*e.* Affected by other error of law;

*f.* In a contested case, unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole; or

*g.* Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

Resort to further appeal may be had under Iowa Code section 17A.20:

An aggrieved or adversely affected party to the judicial review proceeding may obtain a review of any final judgment of the district court under this chapter by appeal. The appeal shall be taken as in other civil cases, although the appeal may be taken regardless of the amount involved.

■ The judicial review procedures delineated in chapter 17A are exclusive. Iowa Code § 17A.19 (1997); *Bremer*, 534 N.W.2d at 459. The review of a DOT adjudication of an habitual offender must be appealed by first exhausting all agency remedies, and then by filing a petition for relief with a district court in accordance with section 17A.19.

In the case at hand, Clark did not request a hearing when he first received notice from the DOT. Nor did he file an appeal with the agency. The validity of the DOT adjudication was never impugned prior to the criminal prosecution. For ob-

vious reasons, institution of the criminal proceedings was by no means analogous to a petition for judicial review of the administrative ruling. Nor was it indistinguishable in substance from such a petition. Defendant's challenge at this juncture was a collateral attack on the decision of the administrative agency. *See Toomer v. Iowa Dep't of Job Serv.*, 340 N.W.2d 594, 598 (Iowa 1983) (a valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata as a judgment of a court, and a determination made by an administrative agency in its judicial or quasi-judicial capacity is not subject to collateral attack); *see also State v. Bettenhausen*, 460 N.W.2d 394, 395 (N.D.1990) (defendant, who did not request a hearing on the administrative suspension of his license, could not later challenge that suspension during a trial for driving while barred).

Because Clark did not first avail himself of the administrative or legal processes at his disposal, the district court exceeded its authority in reviewing the agency action. *Cf. Jew v. University of Iowa*, 398 N.W.2d 861, 864 (Iowa 1987) (when a contested case procedure has been undertaken and has run its course to conclusion, it is almost axiomatic that any further challenge may only be asserted by proper petition for judicial review under section 17A.19). We therefore reverse the ruling of the district court and remand for further proceedings not inconsistent with this decision.

**REVERSED AND REMANDED.**

All justices concur except McGIVERIN, C.J., who takes no part.