# IN THE SUPREME COURT OF IOWA

No. 26 / 04-1578

Filed October 13, 2006

**STATE OF IOWA**,

Appellant,

vs.

**KEIAFFA NICHOLE GREEN**,

Appellee.

Appeal from the Iowa District Court for Johnson County, Bruce D. Goddard, Magistrate.

State appeals from district court order voiding conviction of driving under suspension. **AFFIRMED AND REMANDED.**

Thomas J. Miller, Attorney General, Mark A. Hunacek, Assistant Attorney General, J. Patrick White, County Attorney, and Derek Swanson, Assistant County Attorney, for appellant.

Thad J. Collins of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee.

**LARSON, Justice.**

Keiaffa Green was charged with operating a motor vehicle while her license was suspended, a simple misdemeanor under Iowa Code sections 321.218 and 321.210(1)(*f*) (2003). The State successfully applied for discretionary review under Iowa Code section 814.5(2)(*d*) (review of "final judgment or order raising a question of law important to the judiciary and the profession"). We affirm and remand.

## I. *Facts and Prior Proceedings.*

On July 27, 2003, Keiaffa Green was cited for driving ninety-two in a sixty-five mph zone, a "serious violation" qualifying her for a license suspension under Iowa Code section 321.210(1)(*f*). Iowa Department of Transportation (DOT) records included a copy of a letter dated January 24, 2004, to Green notifying her that her license would be suspended as of March 3, 2004. On March 4, 2004, Green was cited for driving under the suspension. Following trial, a magistrate dismissed the charge on the ground the State had failed to show that Green had actually received notice of her suspension.

The State argues that the district court lacked authority in a criminal case (driving under suspension) to adjudicate the legality of the suspension—an issue it claims may only be raised through judicial review of agency action under Iowa Code chapter 17A. The State also argues that the court erred in holding that the actual receipt of a notice of suspension is required for conviction.

Ordinarily, the legality of a license suspension must be determined in judicial review proceedings under chapter 17A, not in a collateral criminal proceeding based on that suspension. *See State v. Clark*, 608 N.W.2d 5, 9 (Iowa 2000) (holding that prosecution for driving while barred is not a proper forum to challenge an underlying DOT failure to provide for a

hearing); *Iowa Dep't of Transp. v. Dist. Ct.*, 534 N.W.2d 457, 459-60 (Iowa 1995) (holding that a district court in a criminal case lacked jurisdiction to determine legality of underlying license revocation).

In *Clark* a driver was charged with operating a vehicle while suspended. The district court dismissed the charge because the DOT had not complied with the statutory procedures for initiating the hearing on the suspension. 608 N.W.2d at 6. Specifically, the district court ruled that the notice of suspension, which stated that "unless you request a contested hearing" the suspension would become effective, was contrary to statute because it illegally shifted the burden of initiating a hearing to the driver. *Id.* at 7. We reversed on the ground that the district court had no authority in a criminal case to invalidate the DOT's action. *Id.* at 8-9.

In *Iowa Department of Transportation v. Iowa District Court*, the DOT notified the driver that, under a recently enacted statute, his license was revoked because of a drug violation. The driver filed an application for a *nunc pro tunc* order seeking an adjudication that the new statute did not apply to him. *Iowa Dep't of Transp.*, 534 N.W.2d at 458. The *nunc pro tunc* order was entered, and the DOT obtained a writ of certiorari from this court. We held that the district court lacked authority in a criminal action to adjudicate the validity of the revocation; the licensee's sole remedy was through agency action under chapter 17A. *Id.* at 459.

In both *Clark* and *Department of Transportation* it was clear that agency proceedings had been commenced by the DOT through notification to the driver of the pending suspension or revocation of their licenses. *Clark*, 608 N.W.2d at 6; *Dep't of Transp.*, 534 N.W.2d at 458. Those cases must be distinguished from the present case because in the present case, the issue is whether the condition precedent to agency action, i.e., the notice to the licensee, was established by the DOT.

Two statutes bear on DOT notices. Iowa Code section 321.16, the general notice requirement, focuses on the *sending* of such notices. It provides:

> When the department is authorized or required to give notice under this chapter or any other law regulating the operation of vehicles, unless a different method of giving notice is expressly prescribed, notice shall be given either by personal delivery to the person to be so notified or by personal service in the manner of original notice . . . or by first class mail addressed to the person at the address shown in the records of the department . . . .

Iowa Code § 321.16.

In contrast to that statute, section 321.210(1) provides a more stringent requirement for notices of suspension by focusing on the licensee's *receipt* of the notice. It provides:

> Prior to a suspension taking effect [for a serious violation] the licensee shall have received thirty days' advance notice of the effective date of the suspension.

Iowa Code § 321.210(1).

Green contends, and the district court held, that the DOT failed to establish that Green actually received the thirty-day notice, as required by section 321.201(1). The DOT counters that it satisfied the notice requirement by mailing it to Green's last known address according to DOT records, and the only reason Green did not get the notice was that she moved to an address different from that shown in the DOT records without notifying the DOT of the change of address as required by statute. We need not address the issue of receipt because we conclude the State failed to prove it mailed the notice.

The district court found as a matter of fact that the DOT had mailed the notice, based on the fact that it introduced a copy of a letter into evidence. The DOT, however, produced no testimony to support its claim of

mailing, nor did it produce an affidavit of mailing despite Iowa Code section 321.16's requirement that the DOT "develop[] . . . affidavits verifying the mailing of notices under this chapter." The DOT's administrative rules, moreover, anticipate that more than a copy of a suspension notice may be used to verify mailing. This rule provides:

> The department may prepare an affidavit of mailing verifying the fact that a notice was mailed by first-class mail. To verify the mailing of a notice, the department may use its records in conjunction with U.S. Postal Service records available to the department.

Iowa Admin. Code r. 761—615.37(4).

The DOT points to this saving language of section 321.16, which provides:

> A person's . . . *claim of failure to receive a notice* of revocation, suspension, or bar mailed by first class mail to the person's last known address shall not be a defense to a charge of driving while suspended, revoked, denied, or barred.

(Emphasis added.) This saving provision clearly contemplates that the notice had been "mailed by first class mail." In the present case, there was no proof that the notice was in fact mailed. We do not believe that the saving provision of Iowa Code section 321.16 may be read so broadly as to relieve the DOT of showing the mailing of a notice such as by affidavit or a certified mail receipt. We cannot presume, based solely on the DOT's furnishing of a copy of a notice found in its files that the notice was actually mailed.

We affirm the district court's order and remand for dismissal of the charge.

**AFFIRMED AND REMANDED.**

All justices concur except Hecht, J., who takes no part.