# IN THE COURT OF APPEALS OF IOWA

No. 15-0755
Filed May 3, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MONICA SHEANI WILLIAMS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

        Monica Williams appeals from a conviction by bench trial for driving while barred. **REVERSED AND REMANDED.**

        G. Brian Weiler, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Monica Williams appeals from a conviction by bench trial for driving while barred, in violation of Iowa Code section 321.561 (2014). Williams contends defense counsel was ineffective, the district court erred in allowing admission of irrelevant documents, and there is insufficient evidence to support her conviction. Because we find the evidence insufficient to support Williams' conviction, we reverse and remand for dismissal of the charge.

On April 4, 2014, Williams was arrested for driving while license barred. Williams waived her right to a jury trial, and the case was tried to the court on March 9, 2015.

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). "We will uphold a verdict if it is supported by substantial evidence." *Id.* "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Biddle*, 652 N.W.2d 191, 197 (Iowa 2002). "Substantial evidence must do more than raise suspicion or speculation." *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). "We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Biddle*, 652 N.W.2d at 197.

Two elements comprise the offense of driving while barred: (1) a person was operating a motor vehicle and (2) the person's driver's license was barred. Iowa Code § 321.561; *see also State v. Wise*, 697 N.W.2d 489, 492 (Iowa 2005). Additionally, the State must make a showing of the mailing of a notice to the

person that their driver's license is barred "such as by affidavit or a certified mail receipt." *State v. Green*, 722 N.W.2d 650, 652 (2006).[1] Williams asserts the State failed to establish that notice was mailed in this case.

To make the requisite showing that notice was mailed to Williams, the State provided an exhibit including the notice; two certificates of bulk mailing; two certificates of mailing bearing the names and addresses of individuals unrelated to this matter; an affidavit by Kathy McLear, the records manager for the Office of Driver Services of the Iowa Department of Transportation; and one page of a list of names and addresses, including Williams' name, address, license number, and the sanction number included on the notice. However, the certificates of bulk mailing and the affidavit provide no identifying information to establish a connection to Williams or Williams' known address. Further, the page of the list of names and addresses does not provide any explanation that the list is for purposes of bulk mailing and does not establish notice was mailed to Williams on any specific date. The affidavit also does not incorporate the list or make reference to any list. Finally, there was no certificate of mailing from the United States Postal Service identifying Williams and her address as suggested by the affidavit.

Based on the documentation provided in the record, we cannot presume notice was mailed to Williams. As such, we conclude there is not substantial evidence supporting Williams' conviction for driving while barred. We reverse

---

[1] We note Iowa Administrative Code rule 761-615.37 was recently amended to delete the requirement of an affidavit of mailing. *See* 39 Iowa Admin. Bull. 2017 (Apr. 12, 2017). The agency also added a sentence to rule 761-615.37(4) stating "[t]he department's affidavit of mailing may be attested to and certified in accordance with Iowa Code section 622.1." *Id.* The amendment will become effective May 17, 2017. *Id.*

and remand for dismissal of the charge. In light of our conclusion, we need not address Williams' remaining claims on appeal.

**REVERSED AND REMANDED.**