# IN THE COURT OF APPEALS OF IOWA

No. 16-0894
Filed August 16, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DESHAUN WILLIAMS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Paul G. Crawford, District Associate Judge.

Defendant appeals his convictions for operating while intoxicated, third or subsequent offense, and driving while barred as a habitual offender. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered En Banc.

**MCDONALD, Judge.**

Deshaun Williams was convicted of operating while intoxicated (OWI), third offense as a habitual offender, in violation of Iowa Code section 321J.2 (2015), and driving while barred as a habitual offender, in violation of Iowa Code sections 321.560 and 321.561. On appeal, he challenges the sufficiency of the evidence supporting his convictions.

Our review is for the correction of legal error. *See State v. Webb*, 648 N.W.2d 72, 75 (Iowa 2002). We will uphold a verdict where the verdict is supported by substantial evidence. *See id.* Evidence is substantial when the quantum and quality of evidence is sufficient to "convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *Id.* at 76 (citing *State v. Heard*, 636 N.W.2d 227, 229 (Iowa 2001)). In conducting our review, "we view the evidence in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record." *State v. Leckington*, 713 N.W.2d 208, 213 (Iowa 2006) (citing *State v. Casady*, 597 N.W.2d 801, 804 (Iowa 1999)).

Williams first contends the State failed to prove he was "operating" or "driving" a vehicle because there was no evidence he was the only person in the vehicle during the relevant time period. The claim has not been preserved for appellate review. "[I]ssues must be presented to and passed upon by the district court before they can be raised and decided on appeal." *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998) (citing *Johnston Equip. Corp. v. Indus. Indem.*, 489 N.W.2d 13, 16–17 (Iowa 1992)); *see also Conner v. State*, 362 N.W.2d 449, 457 (Iowa 1985). Williams did not present this issue to the district court in his

motion for judgment of acquittal. Instead, he argued there was insufficient evidence to establish he was intoxicated, with respect to the OWI charge, and insufficient evidence of mailing notice, with respect to the charge of driving while barred. Accordingly, the issue has not been preserved for our review. *See State v. Geier*, 484 N.W.2d 167, 170 (Iowa 1992).

Even if the claim had been preserved for appellate review, the claim fails on the merits. At approximately 2:00 in the morning a motorist contacted 911 after another motorist, later identified as Williams, nearly hit her car. The concerned motorist told the 911 operator Williams was driving erratically and she was afraid Williams was intoxicated. The concerned motorist followed Williams and reported his actions to the 911 operator. Eventually, Williams turned onto a gravel road, stopped his vehicle, turned off the vehicle lights, and sat in his car. The caller stopped her car a short distance from Williams's car and waited for the police to arrive. As she waited for the police to arrive, she observed no person enter or exit Williams's vehicle. After several minutes, officers arrived at the scene, and the caller departed. The officers approached Williams's vehicle. His car was running, and he was seated in the driver's seat. When the officers engaged Williams, they detected a strong odor of alcoholic beverage. They also observed Williams was glassy-eyed, had slowed and slurred speech, and had vomited on himself. Williams stumbled when he exited the vehicle. Williams asked why he was pulled over, requiring the officers to explain they found him already stopped. Williams refused a field-sobriety and preliminary-breath test. The officers checked the status of Williams's driving privileges and found Williams was barred as a habitual offender. Officers arrested Williams and

transported him to the Boone County jail. The interaction was recorded by a body camera, and the video was admitted into evidence. When the evidence is viewed in the light most favorable to the jury's verdicts, there is substantial evidence to conclude Williams was operating or driving a motor vehicle.

Williams also challenges the sufficiency of the evidence supporting his conviction for driving while barred. At trial, the district court gave the following marshaling instruction to the jury:

> The State must prove both of the following elements of Count II, Driving While Barred:
> 1. On or about the 12th day of December, 2015, the Defendant operated a motor vehicle.
> 2. At that time, the Defendant's driver's license was barred as a habitual offender.
> If the State has proved both elements, the Defendant is guilty. If the State has failed to prove either of the elements, the Defendant is not guilty.

At trial, Williams objected to the marshaling instruction. He requested an additional instruction that the State be required to prove the department of transportation mailed notice of the bar to Williams. The district court rejected the request. A deputy testified the defendant's license was barred on the date in question. The defendant's certified driving record showed the same thing. The jury returned a guilty verdict on the instructions given. The State and Williams now tussle over the issue of whether the jury instruction was a correct statement of the law. Is the State required to prove the department of transportation mailed notice of being barred as a habitual offender as an element of the offense in a prosecution for driving while barred as a habitual offender? There is uncertainty in our caselaw.

We begin with the *State v. Green*, 722 N.W.2d 650 (Iowa 2006). At issue in that case was whether the State was required to prove the department of transportation mailed notice of suspension as an element of the offense of driving while suspended, in violation of Iowa Code section 321.210. *See Green*, 722 N.W.2d at 651–52. The supreme court held proof of mailing notice was an element of the offense of driving while suspended. *See id.* at 652.

Several decisions of this court have cited *Green* for the proposition that proof of mailing notice is relevant to a prosecution for driving while barred as a habitual offender. We use the term "relevant" because some of our cases have stated notice is an element of the offense and some of our cases have stated notice must be shown although notice is not an element of the offense. For example, In *State v. Hester*, this court stated:

> A driver's knowledge of barment is not an element of a section 321.561 offense. *State v. Carmer*, 465 N.W.2d 303, 304 (Iowa Ct. App. 1990). However, the recent case of *State v. Green*, 722 N.W.2d 650 (Iowa 2006), holds that, where the DOT is required to give notice, failure to prove the DOT mailed the notice precludes a driver's conviction for driving while suspended or barred. Proof that the DOT in fact mailed a notice of barment to the defendant may be accomplished by testimony to support its claim of mailing or an affidavit of mailing. *Green*, 722 N.W.2d at 652.

No. 07-0038, 2008 WL 508466, at *2 (Iowa Ct. App. Feb. 27, 2008). In *State v. Campbell*, this court stated:

> A driver's knowledge of barment is not an element of an offense pursuant to sections 321.560 and 321.561. However, our supreme court has held that where the DOT is required to give notice, failure to prove the DOT mailed the notice precludes a driver's conviction for driving while suspended or barred. *State v. Green,* 722 N.W.2d 650, 652 (Iowa 2006).

No. 08-0106, 2008 WL 5412325, at *1 (Iowa Ct. App. Dec. 31, 2008). In *State v. Anderson*, this court stated notice must be shown:

> There are only two elements to the offense of driving while barred: (1) that a person was operating a motor vehicle and (2) the person's driver's license was barred. *See* Iowa Code § 321.561; *State v. Wise*, 697 N.W.2d 489, 492 (Iowa Ct. App. 2005). There is no requirement that the State prove a defendant had knowledge the license was barred. *State v. Carmer*, 465 N.W.2d 303, 304 (Iowa Ct. App. 1990).
>
> The Iowa Supreme Court, however, has determined the State must show the IDOT gave notice to the person their driver's license was barred. *See State v. Green*, 722 N.W.2d 650, 652 (Iowa 2006).

No. 10-1945, 2012 WL 3200864, at *1–2 (Iowa Ct. App. Aug. 8, 2012).

Subsequently, in *State v. Johns*, this court concluded notice was an element of the offense:

> [T]he jury was required to find proof of two elements: (1) he was operating a motor vehicle and (2) at that time, his driver's license was barred as a habitual offender and he had notice of the status of his license. *See* Iowa Code §§ 321.560, 321.561; *State v. Wise*, 697 N.W.2d 489, 492 (Iowa Ct. App. 2005). On the second element, the State did not have to show Johns actually knew his license was barred. *See State v. Carmer*, 465 N.W.2d 303, 304 (Iowa Ct. App. 1990). But the State was required to offer evidence that the DOT actually mailed the notice of his barred status to his last known address. *See State v. Green*, 722 N.W.2d 650, 652 (Iowa 2006).

No. 14-1435, 2015 WL 4935703, at *1 (Iowa Ct. App. Aug. 19, 2015). Most recently, in *State v. Williams*, this court stated notice, although not an element of the offense, is a required showing:

> Two elements comprise the offense of driving while barred: (1) a person was operating a motor vehicle and (2) the person's driver's license was barred. Iowa Code § 321.561; *see also State v. Wise*, 697 N.W.2d 489, 492 (Iowa 2005). Additionally, the State must make a showing of the mailing of a notice to the person that their driver's license is barred "such as by affidavit or a certified mail receipt." *State v. Green*, 722 N.W.2d 650, 652 (Iowa 2006).

No. 15-0755, 2017 WL 1735607, at *1 (Iowa Ct. App. May 3, 2017).

Despite several of our unpublished decisions to the contrary, we cannot conclude *Green* requires the State to prove the department of transportation mailed notice of the bar—whether as an element or something else—in a prosecution for driving while barred as a habitual offender. First, controlling precedent forecloses the inquiry. In *State v. Cook*, the supreme court held the following jury instruction was correct: "(1) Cook operated a motor vehicle on August 15, 1995, and (2) on that date, his privilege to operate a motor vehicle was barred as an habitual offender." 565 N.W.2d 611, 613 (Iowa 1997). The supreme court did not identify proof of mailing notice as an additional element. Nor did the supreme court provide the State must nonetheless establish proof of mailing notice as some additional showing. *Cook* is controlling, and we are not at liberty to ignore it. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

Second, *Green* is inapplicable here. *Green* held proof of mailing notice of the suspension was an element of the offense of driving while suspended, in violation of Code section 321.210 (2003).[1] *See* 722 N.W.2d at 652. Pursuant to section 321.210, the department of transportation can make a decision to suspend the license of an operator "without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee" engaged in certain specified acts. Iowa Code § 321.210(1)(a). "*Prior to a suspension taking effect* . . . the licensee shall have received thirty days' advance notice of the effective

---

[1] While this statute has been modified since *Green*, it is only altered in format, not in content.

date of the suspension." Iowa Code § 321.210(1)(b) (emphasis added). The plain language of Iowa Code section 321.210 makes clear "thirty days' advance notice" is a condition precedent to "a suspension taking effect." In other words, the licensee is not in the status of "being suspended" until thirty days after mailing notice of suspension. Notice is thus a necessary element in establishing the legal status of having a suspended license. *See, e.g., State v. Wasko*, No. 07-0956, 2008 WL 2369394, at *3 (Iowa Ct. App. June 11, 2008).

Unlike the statutory provisions governing suspensions, there is nothing in the statutory provisions governing barment that provides the bar shall not take effect until a certain period after the mailing of notice. Iowa Code section 321.556(4) provides the period of the bar is the "period specified in section 321.560." For a person barred as a habitual offender pursuant to section 321.555(1) or (2), the period of the bar commences, as relevant here, "from the date of the final decision of the department." Iowa Code § 321.560(1), (2). For a person determined to be a habitual offender while already revoked for being a habitual offender, the period of the bar commences, as relevant here, "on the date of the final decision of the department." Iowa Code § 321.560(4). In short, the licensee is in the status of "being barred" on the date of the final order. Although the administrative regulations do provide the bar shall not begin until thirty days after service, the regulations also provide this is true "unless otherwise specified by statute." Here, the statute does specify a different effective date. And, unlike the suspension statute, the habitual offender provision does not have a notice provision. Notice is thus not an element of the offense of driving while barred as defined by chapter 321.

Third, our interpretation of the statute is consistent with *State v. Clark*, 608 N.W.2d 5 (Iowa 2000), which, unlike *Green*, involved a prosecution for driving while barred. In *Clark*, the defendant was charged with two counts of driving while barred. *See* 608 N.W.2d at 6. The district court dismissed the counts on the ground the State failed to prove compliance with the "notice requirements of Iowa Code section 321.556." *Id.* The supreme court reversed the district court, concluding requiring proof of compliance with the notice requirements of the statute was an impermissible collateral attack on final agency action:

> The judicial review procedures delineated in chapter 17A are exclusive. Iowa Code § 17A.19 (1997); [*Iowa Dep't of Transp. v. Iowa Dist. Ct.*], 534 N.W.2d [457,] 459 [(Iowa 1995)]. The review of a DOT adjudication of an habitual offender must be appealed by first exhausting all agency remedies, and then by filing a petition for relief with a district court in accordance with section 17A.19.

> In the case at hand, Clark did not request a hearing when he first received notice from the DOT. Nor did he file an appeal with the agency. The validity of the DOT adjudication was never impugned prior to the criminal prosecution. For obvious reasons, institution of the criminal proceedings was by no means analogous to a petition for judicial review of the administrative ruling. Nor was it indistinguishable in substance from such a petition. Defendant's challenge at this juncture was a collateral attack on the decision of the administrative agency. *See Toomer v. Iowa Dep't of Job Serv.*, 340 N.W.2d 594, 598 (Iowa 1983) (a valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata as a judgment of a court, and a determination made by an administrative agency in its judicial or quasi-judicial capacity is not subject to collateral attack); *see also State v. Bettenhausen*, 460 N.W.2d 394, 395 (N.D. 1990) (defendant, who did not request a hearing on the administrative suspension of his license, could not later challenge that suspension during a trial for driving while barred).

> Because Clark did not first avail himself of the administrative or legal processes at his disposal, the district court exceeded its authority in reviewing the agency action. *Cf. Jew v. Univ. of Iowa*, 398 N.W.2d 861, 864 (Iowa 1987) (when a contested case procedure has been undertaken and has run its course to

conclusion, it is almost axiomatic that any further challenge may only be asserted by proper petition for judicial review under section 17A.19). We therefore reverse the ruling of the district court and remand for further proceedings not inconsistent with this decision.

*Clark*, 608 N.W.2d at 8–9. *Clark* makes clear the failure to comply with the notice provisions of the statute, with respect to barment, can be challenged only through agency proceedings and then on judicial review pursuant to the Iowa Administrative Procedure Act. Requiring the State to prove the department of transportation mailed notice of the bar during the criminal prosecution of driving while barred as a habitual offender is an impermissible collateral attack on final agency action.

Finally, the statutory distinction between the suspension statute and the barment statute makes sense when the statutes are viewed in context. The suspension statute does not afford the licensee with predetermination notice and the opportunity to be heard, but the statutory requirement that notice be mailed before the suspension can take effect provides the licensee with the opportunity to seek a postdetermination hearing. *See* Iowa Code § 321.210. In contrast, a licensee is provided with statutory predetermination process prior to being barred as a habitual offender. *See* Iowa Code § 321.556(1) ("If, upon review of the record of convictions of any person, the department determines that the person appears to be a habitual offender, the department shall immediately notify the person in writing and afford the licensee an opportunity for a hearing."). Section 321.556 sets forth the process for providing notice and a hearing prior to the licensee being barred as a habitual offender. After the licensee has received notice and the opportunity to be heard, "[i]f the department's findings and

conclusions are that the person is a habitual offender, the department shall issue an order prohibiting the person from operating a motor vehicle on the highways of this state for the period specified in section 321.560." Iowa Code § 321.556(4). There is no additional due process reason to require the State to prove the department of transportation mailed notice of the final order as an element of the offense. By the time of the bar, the licensee has had administrative recourse.

We do not lightly break from our prior unpublished panel decisions. Several considerations push us to do so, however. There is vagueness in our prior cases. Some of our cases have not identified notice as an element but have held the State must make a showing notice was provided. It is unclear what this showing entails and when the showing must be made. It seems notice must either be an element or not and the jury so instructed or not. Today's opinion resolves the issue. Second, our interpretation pays fidelity to the text and structure of the statute. *See State v. Ross*, 729 N.W.2d 806, 810 (Iowa 2007) ("When the text of a statute is plain and its meaning clear, the court should not search for meaning beyond the express terms of the statute . . . ."). We thus hold the offense of driving while barred requires proof of only two elements: the defendant operated a motor vehicle, and the defendant's license was barred at the time of operation.

Given the foregoing, we cannot conclude the district court committed legal error. The jury was correctly instructed the offense has only two elements. When the evidence is viewed in the light most favorable to the jury's verdict on the instructions given, there is substantial evidence in support of the verdict.

When the deputy first made contact with Williams, the deputy told Williams he was driving while barred. Williams responded, "Yeah, I know that." This encounter was recorded on video. The video was admitted into evidence and was published to the jury. In addition, the deputy testified the defendant's license status "was actually barred." On continued examination, the deputy testified, "the defendant's license is barred." And the period for the barment was "October 2 of 2012 through October 1 of 2016." The deputy testified the time he encountered the defendant operating his motor vehicle "fell within that period." The defendant's certified driving record was admitted into evidence. The certified driving record showed the defendant's status was "[b]arred" as a "Habitual Offender" effective October 2, 2012, through October 1, 2016.

We affirm the defendant's convictions.

**AFFIRMED.**

Vogel, Potterfield, Doyle, and Mullins, JJ., concur; Vaitheswaran, Tabor, and Bower, JJ., join the dissent.

**DANILSON, Chief Judge.** (concurring in part and dissenting in part)

I concur in part and respectfully dissent in part. I agree with the affirmance of the OWI conviction but would reverse with respect to the offense of driving while barred.

Williams contends there is insufficient evidence to support the conviction of driving while barred. He asserts there is insufficient evidence because the State failed to prove (1) he was operating a motor vehicle and (2) that the department of transportation (DOT) sent notice of the barment to him. With respect to the second argument, failure of proof of notice, I agree with Williams.

The majority takes the position that there is no need for proof the DOT sent notice of the bar to Williams to meet the sufficiency of the evidence standard because there are only two elements of the offense of driving while barred—(1) operating motor vehicle and (2) at that time, the operator's license was barred. In reaching its result, the majority acknowledges cases from our court to the contrary and attempts to distinguish *State v. Green*, 722 N.W.2d 650 (Iowa 2006). The majority changes what trial judges, practitioners, and the DOT have long viewed as settled law.

*1. Our Cases.* Contrary to the assertion of the majority, the *exact issue* raised in this case—sufficiency of the evidence relative to the DOT notice—was raised in four separate cases before this court and *all* reached the same conclusion: "[T]he State was required to offer evidence that the DOT actually mailed the notice of the barred status to [the defendant's] last known address." *State v. Johns*, No. 14-1435, 2015 WL 4935703, at *1 (Iowa Ct. App. Aug. 19, 2015); *see also State v. Williams*, No. 15-0755, 2017 WL 1735607, at *1 (Iowa

Ct. App. May 3, 2017); *State v. Anderson*, No. 10-1945, 2012 WL 3200864, at *1 (Iowa Ct. App. Aug. 8, 2012); *State v. Campbell*, No. 08-0106, 2008 WL 5412325, at *1 (Iowa Ct. App. Dec. 31, 2008). In each opinion, by four different authors, reliance was placed on the supreme court's opinion in *Green*. In *Anderson* we explained the significance of *Green*,

> The Iowa Supreme Court, however, has determined the State must show the IDOT gave notice to the person their driver's license was barred. *Green* held there must be a "showing [of] the mailing of a notice such as by affidavit[2] or a certified mail receipt." The supreme court specifically did not address the issue of whether there needed to be a showing the defendant received the notice, because in *Green* the State had failed to prove the notice had been mailed.

2012 WL 3200864, at *2 (footnote omitted) (citing *Green*, 722 N.W.2d at 652). Our cases alone establish persuasive authority that proof of notice by the DOT must be shown by the State.

My analysis could stop and start with prior opinions of our court but there is additional support for the requirement of notice in legislation, the DOT regulations, and supreme court opinions.

*2. State v. Green.* Turning to *Green*, I acknowledge the case involved the offense of driving under suspension, a simple misdemeanor, in violation of Iowa Code sections 321.218 and 321.210(1)(f) (2003). In *Green* the court stated, "[T]he issue is whether the condition precedent to agency action, i.e., the notice to the licensee, was established by the DOT." 722 N.W.2d at 651. The court

---

[2] We note Iowa Administrative Code rule 761-615.37 was recently amended to delete the requirement of an affidavit of mailing. *See* 39 Iowa Admin. Bull. 2017 (Apr. 12, 2017). The agency also added a sentence to rule 761-615.37(4) stating, "The department's affidavit of mailing may be attested to and certified in accordance with Iowa Code section 622.1." *Id.* The amendment became effective May 17, 2017. *Id.*

observed Iowa Code section 321.210(1) required that "[p]rior to a suspension taking effect . . . the licensee shall have received thirty days' advance notice of the effective date of the suspension." *Id.* at 652 (citation omitted).

Similarly, the DOT regulations require, "The department shall send notice of denial, cancellation, suspension, revocation, disqualification or bar by first-class mail to the person's mailing address as shown on departmental records." Iowa Admin. Code r. 761-615.37(1). The effective date of the DOT's action, including a bar, is the date specified in the notice. Iowa Admin. Code r. 761-615.37(2).

Thus, both notice and an effective date must be provided to a licensee whether the DOT's action involved a suspension, revocation, or a bar. It is also clear from these regulations, the bar is not effective until mailing because the effective date of the bar is set forth in the notice to be mailed.

Perhaps more importantly, in *Green* the supreme court addressed both the evidence presented of mailing, and whether Iowa Code section 321.16 can serve as a "saving provision." With regard to the evidence of mailing, the court in *Green* determined,

> The DOT, however, produced no testimony to support its claim of mailing, nor did it produce an affidavit of mailing despite Iowa Code section 321.16's requirement that the DOT "develop[ ] . . . affidavits verifying the mailing of notices under this chapter." The DOT's administrative rules, moreover, anticipate that more than a copy of a suspension notice may be used to verify mailing. This rule provides:
>> The department may prepare an affidavit of mailing verifying the fact that a notice was mailed by first-class mail. To verify the mailing of a notice, the department may use its records in conjunction with U.S. Postal Service records available to the department.

Iowa Admin. Code r. 761-615.37(4).

722 N.W.2d at 652 (alteration in original).

The court in *Green* also interpreted the "saving language" of section 321.16 to impose a requirement of notice. The "saving provision" in Iowa Code section 321.16 provides, "A person's . . . claim of failure to receive a notice of revocation, suspension, or bar mailed by first class mail to the person's last known address shall not be a defense to a charge of driving while suspended, revoked, denied, or barred." The court explained its interpretation,

> *This saving provision clearly contemplates that the notice had been "mailed by first class mail."* In the present case, there was no proof that the notice was in fact mailed. We do not believe that the saving provision of Iowa Code section 321.16 may be read so broadly as to relieve the DOT of showing the mailing of a notice such as by affidavit or a certified mail receipt. We cannot presume, based solely on the DOT's furnishing of a copy of a notice found in its files that the notice was actually mailed.

*Id.* (emphasis added). It cannot be refuted the "saving provision" applies to offenses of "driving under suspension, revocation, or barred." Iowa Code § 321.16. If there was no notice requirement for the offense of driving while barred, there would have been no need for the legislature to include driving-while-barred offenses in section 321.16.

*3. Historic Perspective.* The importance of notice and an order of barment took on significance when, in 1995, Iowa Code section 321.556 was implemented, relieving the courts from the burden and authorizing the DOT to determine if a person is "to be a habitual offender." *See* Iowa Code §§ 321.556, .560(4). When the district court was tasked with determining whether the defendant was a habitual offender, the county attorney was required to file a

petition, and the defendant was ultimately informed his or her license was barred at the time of the hearing or by a publicly-filed opinion. *See State v. Brauer*, 540 N.W.2d 442, 443-44 (Iowa 1995). The 1995 legislation required an administrative hearing to "be conducted as provided in section 17A.12." Iowa Code § 321.556(2).

*4. Notice Requirement Under Chaper 17A.* Notice of a final decision in the administrative agency action is required under chapter 17A. The grant, denial, or renewal of a license is governed by contested-case procedures. *Id.* § 17A.18(1). Parties to a contested-case administrative proceeding must be notified of a final decision as provided in Iowa Code section 17A.12(1). *Id.* § 17A.16(1). Notice as prescribed by section 17A.12(1) provides for delivery "either by personal service as in civil actions or by certified mail return receipt requested." But this section also provides "an agency may provide by rule for the delivery of such notice by other means." *Id.* § 17A.12(1).

*5. Issuance of Order and Notice.* The requirement of notice and an order is also readily apparent in section 321.556(4). If, after the administrative hearing, the DOT finds that the person is a habitual offender, the DOT is required to "issue an order prohibiting the person from operating a motor vehicle on the highways of this state for the period specified in section 321.560." *Id.* § 321.556(4). The term "issue" is not defined in Iowa Code chapter 321. But the term has been defined by the supreme court in a related context.

The question of when an administrative agency's order was "issued," as the term is used in Iowa Code section 17A.19(3), was examined in *Purethane, Inc. v. Iowa State Board of Tax Review*, 498 N.W.2d 706 (Iowa 1993). There, the

supreme court was required to determine when a final agency decision was issued for purposes of an appeal. *Purethane*, 498 N.W.2d at 708-09. The court stated:

> In the absence of a file or entry system by which the public and parties to a controversy before the board of tax review can learn of the board's decision, due process requires the statutory appeal period begins to run when the board decision is officially made available as a public record.

*Id.* at 710. The court relied, in part, on its prior decisions in *McCubbin Seed Farm Tours, Inc. v. Tri-Mor Sales, Inc.*, 257 N.W.2d 55 (Iowa 1977), and *Saemisch v. Ley Motor Co.*, 387 N.W.2d 357 (Iowa 1986), and explained:

> We considered the dictionary definition of "issue," which is "to cause to appear or become available by officially putting forth or distributing or granting or proclaiming or promulgating." Webster's Third New International Dictionary 1201 (1969). We also noted this legal definition, "to send forth; to emit; to promulgate; as, an officer issues order, process issues from a court." Black's Law Dictionary 745 (5th ed. 1979).
>
> Based on our decisions in *McCubbin* and *Saemisch*, the correct date which the board's order "issued" for purposes of determining the statutory appeal period is the date in which the order is put forth to the public and parties. Absent board rules which make decisions public by filing and entry, this date means the date the order is mailed by certified mail. Beginning the appeal period on the date of certified mailing does not violate due process. *Saemisch*, 387 N.W.2d at 359; *cf. Eves v. Iowa Emp't Sec. Comm'n*, 211 N.W.2d 324 (Iowa 1973).

*Purethane*, 498 N.W.2d at 710.

Our supreme court has long ago determined the application of the same definition in related statutory sections avoids absurd and unreasonable consequences and follows "well-settled canons of statutory interpretation." *State v. Hellwege*, 294 N.W.2d 689, 691 (Iowa 1980). Here, the sections are related as both pertain to when an administrative order is effective. Accordingly, the

same definition of the term "issue" applies with respect to the requirement that the DOT must "issue" an order regarding its final decision. *See* Iowa Code § 321.556(4).

In sum, the earliest the period of barment may begin—and the order is in effect—is when the order is "issued," by mailing, and such proof is by affidavit or a certified mail receipt. The manner of giving notice applicable to notices of suspension, revocation, or bar is set out in Iowa Code section 321.16 and Iowa Administrative Code rule 761-615.37(1).

Here, there is no dispute the offense of driving while barred has only two elements. But to meet its burden, the State was required to prove the DOT's final order was "issued" and in effect. To prove the order was issued and in effect, the State must present proof of mailing the notice. *See Green*, 722 N.W.2d at 652 (stating notice to the licensee was a condition precedent to agency action); *Purethane*, 498 N.W.2d at 708-09; *see also* Iowa Code § 17A.12(1). Without any proof of mailing, as is the case here, evidence of barment is, as a matter of law, deficient. *Green*, 722 N.W.2d at 651-52; *see also State v. Cook*, 565 N.W.2d 611, 615 (Iowa 1997).

This conclusion is also consistent with Iowa Administrative Code rule 761-615.36, which describes the effective date for suspensions, revocations, disqualifications, and bars, and acknowledges the DOT's obligation to mail the notice before the bar becomes effective. This administrative rule is consistent with *Purethane*, as there is no formal public filing of DOT's administrative orders, and thus, the order is not effective until it is issued, which occurs upon mailing. *See Purethane*, 498 N.W.2d at 710.

*6. No Collateral Attack.* Furthermore, requiring the State to meet its burden of proof does not constitute a collateral attack on the decision of the DOT. In *State v. Clark*, 608 N.W.2d 5, 6 (Iowa 2000), the State appealed a district court ruling that determined the DOT's procedure for adjudicating Clark as a habitual offender did not comply with the Iowa Code. The defendant challenged the administrative procedure for adjudicating habitual offenders. *Clark*, 608 N.W.2d at 6. The supreme court concluded the district court was without authority to impugn the administrative decision because such an action would constitute a collateral attack on the DOT's decision. *Id.* at 8-9. The decision in *Clark* related to the necessity to exhaust administrative remedies and petition for judicial relief if Clark sought redress from the administrative proceedings. The court did not address the method of proving barment in a criminal trial for the offense of driving while barred. Here, Williams has not attempted to impugn the DOT's decision. He simply asks that the State be required to meet its burden of proof in the criminal proceeding to show when the administrative decision was "issued" and effective. Without proof of mailing, an order imposing a bar on the privilege to operate a motor vehicle is not effective. *See* Iowa Code § 17A.12(1); *Green*, 722 N.W.2d at 652; *Purethane*, 498 N.W.2d at 710.

*7. State v. Cook.* The majority also relies heavily upon *Cook*. The supreme court in *Cook* made clear "the habitual offender status is an essential element of the crime" and "the State was required to offer proof of that status in its case-in-chief." 565 N.W.2d at 615. I have no quarrel with either principle. But unlike the majority, I do not find *Cook* controlling on the issue of notice. The *Cook* decision only addressed a single issue: Whether references to the

defendant's habitual offender status during trial was prejudicial to the defendant. *Id.* The court said nothing about the necessary evidence the State must prove to establish the habitual offender status or the barment but rather simply held the State must offer proof of the status. *Id.* Here, we face an insufficiency-of-the-evidence claim, and we are obligated to address the necessary proof of the status, as well as the notice required to meet the sufficiency standard.

I also note the majority has not cited a single case, published or unpublished, that has found sufficient evidence to affirm a conviction of driving while barred in the absence of evidence of mailing notice of the bar to the defendant where error on the notice issue was preserved. The majority also fails to explain why we should change course after the path is already well-trodden. The majority's decision also leaves a very peculiar and seemingly unjust result— the State must prove mailing of notice in the prosecution of a simple misdemeanor offense of driving while suspended as required by *Green,* but the State may prosecute a driving while barred offense, an aggravated misdemeanor, without any proof of mailing notice.

*8. State v. Kennedy.* Although the issue addressed differs than the instant case, I also find it necessary to address *State v. Kennedy*, 846 N.W.2d 517 (Iowa 2014). In *Kennedy*, the sole issue was whether the Confrontation Clause was violated by the admission of a certified abstract of the defendant's driving record and affidavits of the mailing of the suspension notices. 846 N.W.2d at 521. The court concluded the certified abstract was nontestimonial and did not violate the Confrontation Clause. *Id.* at 524-25. However, because the affidavits of mailing

and related documents were prepared in anticipation of trial, they were testimonial and inadmissible. *Id.* at 527.

The court in *Kennedy* was then required to determine if the admission of the affidavits of mailing and related documents was harmless error. *Id.* Ultimately, the court affirmed the convictions and held the admission of the testimonial documents was harmless error. *Id.* at 528. The court stated,

> We reach this conclusion because the admissible certified abstract contained the same information as the inadmissible affidavits. The certified abstract contained the effective date of the revocation for the OWI chemical testing refusal, the effective date of the revocation for the OWI chemical testing failure, and the effective date of the revocation for the OWI conviction. The certified abstract also indicated these revocations were in effect at the time Kennedy was arrested. The information contained in the admissible certified abstract of driving record was sufficient to convict Kennedy of driving under revocation in violation of Iowa Code section 321J.21 without the need for the district court to consider the inadmissible affidavits of mailing. Therefore, the inadmissible affidavits of mailing did not have an effect on the verdict and the district court's admission of the affidavits of mailing constituted harmless error.

*Id.*

I acknowledge the court's statement that the evidence was sufficient to convict without consideration of the affidavits is troubling. But I find *Kennedy* distinguishable in several respects. First, *Kennedy* involved a stipulated bench trial on the minutes of testimony. *Id.* at 520. Second, there is no suggestion in the opinion that the defendant raised the issue of the propriety of the notice or that notice was required to establish proof of the effective date and period of the revocation, as here.[3] Third, the criminal offense in *Kennedy* was driving while

---

[3] Our opinion, *State v. Kennedy*, No. 11-1685, 2013 WL 4011012, at *5 (Iowa Ct. App. Aug. 7, 2013), suggests any concern about the affidavits or their admissibility was an afterthought.

23

revoked under Iowa Code 321J.21 and not an offense under Iowa Code chapter 321. Fourth, although the court stated the evidence was "sufficient to convict," the court applied the harmless error standard and not the sufficiency of the evidence standard.[4] Fifth, unlike *Kennedy*, the certified abstract of Williams' driving record did not state the effective date of the bar or the period of barment, but rather it simply stated his "DL status" was "bar." Sixth, if the affidavits of mailing and related documents were entirely inconsequential to the prosecution of the offense, there was no need to address the harmless error rule.

*9. Conclusion.* In sum, it is abundantly clear to me that to prove the effective date of the bar of the defendant's license and the status as a habitual offender, the State must prove the DOT properly mailed notice to the defendant. This is not a difficult or burdensome task. This proof relates to the second element pertaining to the barment, and thus, the proper marshalling instruction should only identify two elements for the offense. The better practice is to add an instruction to follow the marshalling instruction akin to the following:

> One of the elements the State must prove is that the defendant's license was barred. This element requires proof the Department of Transportation properly mailed notice to the defendant and the bar was in effect at the time of the alleged operation of a motor vehicle. The State is not required to prove the defendant received the notice or had knowledge of the notice.

Such an instruction provides the jury with better guidance on the State's burden of proof.

---

[4] In *Kennedy*, the court relied upon the explanation of the proper inquiry recited in *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993), "whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error," and not whether the trial was without error. 846 N.W.2d at 527.

Because the State did not make any effort to prove the DOT properly mailed notice to Williams that his license was barred, there is not sufficient evidence to sustain the conviction of driving while barred. Evidence of an out-of-court admission by the defendant that he knew he was barred;[5] admission of the defendant's certified abstract of his driving record, which fails to identify any period of barment; and testimony by an officer that the defendant was barred on a specified date all fail to prove the administrative agency's final decision was either "issued" or mailed to Williams' last known address.

I would affirm the conviction for OWI but reverse the conviction for driving while barred and remand for an order dismissing the latter charge.

---

[5] We have no way of determining the basis of his knowledge for this admission, if made, or its validity.